Green, J.,
delivered the opinion of the Court.
This is an application for a year’s support, under the statutes, by the plaintiff in error, who is the widow of the defendant’s intestate.
It appears from the record, that at the May term of the county court of Shelby, 1850, commissioners were appointed to lay off a year’s support for the plaintiff. At the July term of the court, the commissioners made their report, designating the following articles for the support of the widow, viz: twenty-five barrels of corn, two barrels of flour, twenty-five pounds of coffee, fifty pounds of lard, twenty pounds of candles, three hundred pounds of bacon, fifty pounds of brown sugar, one sack of salt, fifty pounds of soap, and one pound of pepper.
On the coming in of this report, the court made an order, appointing other commissioners to lay off to Mrs. Sanderlin and her three children, an additional support. These commissioners reported, at the August term, that as an additional support, for Mrs. Sanderlin and her three children,-under the age of fifteen years, four hundred and sixty-three dollars should be allowed.
The administrator excepted to this report, and it was rejected; from which judgment., an appeal was taken to the circuit *443 court, where the county court judgment was affirmed, and to reverse which, this appeal in error is prosecuted.
It appears by the evidence, that the appellant has no children by her late husband, M. M. Sanderlin, but that she has three infant children by a former husband, who are members of her family. The estate of the intestate, consisting of land and negroes, is worth fifteen thousand dollars.
The act of 1813, ch. 119, § 2, provides, that “so much of the crop and provisions on hand as may be necessary for the support of the widow, and her family, until the expiration of one year from the decease of her husband, shall be set apart, and shall be her absolute property.”
The act of 1837, ch. 13, § 1, provides, that commissioners “shall set apart so much of the crop, stock, provisions, and moneys on hand or due, or other assets as may be necessary for the support of such widow and her family, until the expiration of one year after the decease of her said husband; and all such crop, stock, provisions, and money on hand or due, or other assets so set apart, shall be the absolute property of such widow, for the use aforesaid.”
These acts of Assembly were conceived in a spirit of just regard to the affliction, the helplessness, and the necessities of widows, immediately after the death of the husband. The act of 1837, greatly enlarges the scope and operation of the act of 1813, evincing, that the legislature intends to confer on widows, under such circumstances, a liberal allowance. In carrying out the object and intentions of the legislature, the court ought not' to interpret the language in a restricted sense.
The provision is to be made for the “widow and her family.” This is the language of the act of 1813, and also of that of 1837.
Now, this word “family” was intended to include children, who, being under age, reside with the parent, and constitute *444 part of the “family.” It can make no difference, as to the sense of the word, whether the children were offspring of a former marriage, or were the children of the intestate. In either case, they would constitute part of the widow’s family, and should be taken into the account in making the allowance.
Indeed, these children were justly to be regarded as part of the intestate’s family. For if the husband take the wife’s child into his own house, he is then considered as standings loco parentis, and is responsible for the maintainance and education of the child, so long as it lives with him. 2 Kent Com. 192; 3 Esp. Cas. 1; 4 East 82.
In this case, therefore, the allowance first made, was altogether inadequate. Indeed, taking into consideration the widow’s individual necessities alone, the allowance first made, was niggardly in the extreme. Her husband’s estate is worth fifteen thousand dollars; and at a high price for the articles allowed, they are worth less than one hundred dollars. And in view of the wants of the family, this allowance was wholly insufficient for their subsistance.
The court was right, therefore, in ordering a further allowance to be made, but erred in rejecting the report when made.
The judgment will be reversed, and the report will be confirmed, and the administrator ordered to pay to the plaintiff in error the sum allowed by the commissioners.