86   59
e116  466

## RHEA *v.* GREER.

### (*Knoxville.*   October 25th, 1887.)

1. YEAR'S SUPPORT.   *Statutes relating to, liberally construed.*

   Liberal construction is accorded by the courts to statutes relating to year's support for the widows and children of decedents.

2. SAME.   *Administrator's duty to preserve year's support for minors without guardian.*

   Where, in default of a widow, the children of a decedent, under fifteen years of age, become entitled to year's support, it is the duty of the administrator, who has received personal assets of the estate, to preserve out of same a year's support for such children *where they have no guardian;* and for his failure to do so he will be held personally responsible, although such year's support was not assigned within one year after the decedent's death, nor until the administrator had voluntarily disbursed the entire assets to creditors.

   Code cited: §§ 3125, 3126, 3127, 3129 (M. & V.); §§ 2285, 2286, 2287, 2290 (T. & S.).

   Cases cited and approved: Rice *v.* Hunt, 7 Lea, 39; Vincent *v.* Vincent, 1 Heis., 333, 334; Curd *v.* Curd, 9 Hum., 171; Gupton *v.* Gupton, 3 Head, 488.

   Cited and distinguished: Bayless *v.* Bayless, 4 Cold., 359; Rocco *v.* Cicalla, 12 Heis., 510.

---

### FROM BLOUNT.

---

Appeal in error from Circuit Court of Blount County.   S. A. ROGERS, J.

R. N. HOOD for Rhea.

S. P. ROWAN for Greer.

Rhea *v.* Greer.

FOLKES, J. The Code, Sections 3125 and 3126, makes provision for the appointment of commissioners to set apart to the widow of an intestate, or widow dissenting from her husband's will, so much of the crop, stock, provisions, moneys on hand or due, or other assets, as may be necessary for the support of the widow and her family for one year after the decease of her husband; and that "the moneys and effects so set apart shall be the absolute property of the widow for said uses, and shall not be taken into the account of the administration of the estate of said intestate, nor seized upon any precept or execution."

Section 3127 enacts that, "if there be no widow, or she die before the year's support is set apart, the same provision shall be made for the children of the intestate, or of the widow, or of both, under the age of fifteen."

Section 3129 is as follows: "The administrator shall be trustee for the management of the property so set apart for the support of the children until the appointment of a guardian, to whom he shall pay it over, and take his receipt."

In the case now under consideration, the administrator was appointed on the 28th of November, 1881, and on March 6th, 1882, filed an inventory, showing the sale by him of all the effects of his intestate, including household and kitchen furniture, and supplies, embracing all the articles exempt by law, and also showing that there had come to his hands "one note on Josiah Henderson, dated March

Rhea *v.* Greer.

2d, 1881, due January 1st, 1882, for $277.50, credited April 12th, 1881, with $100, and October 5th, 1881, with $18.05;" "and one note on same party, of same date, to wit, March 2d, 1881, and due twelve months after date, for $148," both of which were reported in inventory as good.

On the 3d of December, 1883, commissioners were appointed by the County Court to set apart year's support for the two minor children of the intestate, Ezra Lee, one aged five years, and the other about seven; their mother having died before the father.

On the 8th of January, 1884, the commissioners filed a report, setting apart for the year's support the two notes above referred to, with all interest accrued thereon; and reporting further that in the event the administrator has collected said notes, the proceeds thereof are set apart to said minors in lieu of the notes.

The administrator, J. J. Greer, files exceptions to said report, alleging that the setting apart of said support was made more than two years after the death of intestate, and more than two years after the appointment of the administrator; that the commissioners did not go upon the premises, where the personal effects were, and examine them as required by law; that said commissioners do not show by their report that said notes, or the proceeds thereof, were in the hands of the administrator, or in existence at the time of making the report; that said amount so set apart is excessive.

Rhea *v.* Greer.

The County Court sustained the exceptions, and set aside the report; and the guardian appealed to the Circuit Court, where the report was likewise set aside. Appeal prayed and granted.

The bill of exceptions shows that the only proof offered to sustain said exceptions was the testimony of the administrator, who stated that he had collected the notes referred to, and had paid the proceeds out on the debts of the estate before the 3d of December, 1883, the date of the appointment of commissioners.

On behalf of the administrator it is here now insisted that there can be no year's support set aside, unless application therefor be made within the first year after the death of the intestate, or at all events within the first year after appointment of the administrator.

It was upon this ground that the Court below seems to have predicated its judgment, refusing the allowance.

In this conclusion we are of opinion the Court erred.

Acts giving year's support to the widow, and to minors where there is no widow, like acts concerning dower, and exemption laws, are to be liberally construed.

The primary intention of the Legislature is to make provision for the support of the widow and children for one year after the death of the husband, or father, as the case may be. The appointment of commissioners is secondary, and merely

Rhea *v.* Greer.

as a means of ascertaing the proper amount, and the designation of the property or means out of which it is to be paid.

By the express terms of the statute, a suitable amount must be set apart for the year's support, as the absolute property of the widow, or minors, and shall not be taken into the account of the administration.

Now, in the case of minors of tender years—doubly orphaned—as were the children in this case, with no guardian, how are they to avail themselves of this justly allowed and carefully guarded provision for their support? By reason of their tender years, they are not expected to make application for appointment of commissioners to set apart this support, in person. They have no mother—no guardian; upon whom then devolves the duty of making the application? It would seem that the administrator himself ought to do so. He has in his hands funds or property, which the law has informed him should be applied to the support of the minors; and if he voluntarily pays it out to creditors, it will not be permitted him, when strangers have invoked the machinery of the law for the ascertainment and allotment of the proper amount, to say the application, not having been made within the year, comes too late.

We have seen by Section 3129 of M. & V. Code, that the administrator is made trustee for the management of this fund until a regular guardian is appointed. If trustee for its management

in absence of a regular guardian, why not have imposed upon him the duty of applying for its allotment?

It is not necessary to determine in this case that the administrator is bound to apply for the appointment of commissioners to set apart the year's support. All that we do adjudge is, that in case of minors, without natural, and without regular guardian, where he has failed to make such application for them within the year, he will not be permitted to relieve himself from liability, where commissioners are afterwards appointed, and allowance made, except by showing that at the time of the death of intestate there was not property or effects which came to his hands sufficient to pay same.

In the case at bar, as already shown, there were funds sufficient. The allotment is made out of the identical funds, and the only answer of the administrator is that "no application was made for the allowance within one year, and I have paid out the funds and disposed of the property for the payment of debts."

No judgment or decree of Court, reqiring same to be paid, so far as this record shows. The payment was voluntary, and the administrator himself may ,be the creditor whose debts have been thus paid.

With funds or property in his hands, out of which a year's support is directed to be set apart, and when so set apart, with the statute, in terms,

Rhea *v.* Greer.

making him trustee for its management, he must see to it that the necessary commission is appointed to make the allotment; and if he fails to do so as to minors, where there is no widow and no regular guardian, he will be held liable to said minors for the property or money to the extent of the allowance when afterwards made by the commissioners duly appointed, provided it be shown that there was money or property on hand at the time of the death of the father, out of which said allowance might have been made.

It is familiar law that an administrator who voluntarily pays out all the assets in his hands, paying creditors in full, and having knowledge of the existence of another debt, will be held liable for the payment of the latter debt to the extent of its *pro rata*, should it be afterwards established within the period of limitation.

The principle we announce, in the case at bar, works no greater hardship upon the administrator. He is a *quasi* trustee in both cases, and in each can protect himself from liability; in the one, by taking steps to have all the creditors brought before the Court, so as to ascertain the *pro rata* for each, and in the other, by taking steps to have the year's support allotted.

Of course, we do not adjudge that the rule would be the same as to the widow, who is *sui juris*.

That commissioners are to be limited to property or funds on hand at the time of the death,

6

does not imply, as is argued, that the commission-
ers are to be appointed within the year.

A widow is entitled to dower and to exempt
property, to be ascertained at the death of the
husband, but it was never supposed that she had
to ask for the allotment of the one, or make de-
mand for the other immediately. *Vincent* v. *Vin-
cent,* 1 Heis., 333–344. As to exempt property, she
may sue the administrator therefor in trover, where
he has converted the same by applying it to debts,
without demanding the property previous to the
suit, or offering to make a selection. *Curd's Ad-
ministrator* v. *Curd,* 9 Hum., 171. By the statute,
it vests in her at once upon the husband's death.
So, under our construction of this statute, the
property on hand at time of death, out of which
the year's support is to be allowed minors, vests
in the administrator, as trustee for them, and they
can sue him for same as soon as commissioners,
duly appointed, fix the amount or character of prop-
erty suitable for the year's support.

The provision for a year's support does not, in
terms, limit the time within which application shall
be made therefor to one year or to two years; to
so hold would be to judicially establish a one
year or a two year statute of limitation against
minors, where the Legislature has created none.

But it is urged that the statute granting the
year's support, *ex vi termini,* limits the application
to the year immediately following the death of the
intestate.

The language referred to is, "So much of the crop, stock, provisions, moneys on hand or due, or other assets, as may be necessary for the support of such widow and •her · family, *until the expiration of one year after the decease of her husband.*" This, in our opinion, neither expresses nor implies any limit *within which* the application for the allotment of the support is to be made, but limits only the period *for which*, as against creditors, the allowance is to be granted.

Under the construction contended for by the administrator, if for any reason the application could not be made or acted upon until six months or eleven months after the death, the provision to be made would be limited to the unexpired portion of the twelve months, so as to allow only six or three months' support in the cases put.

If the right to apply for it is lost, after the expiration of one year, it would seem to follow, logically, that the right to half of it would be lost upon the expiration of half the year.

Certainly no such strict construction should be given to so beneficent a statute.

As already stated, the primary object of the Legislature is to give the widow and children property or money sufficient *for one year's support* after the husband's death, the means or manner of setting it apart, as also the time, is secondary. Usually it is necessary to do so within one year, as the widow may be unable to live without the use of the provision; but if not actually set apart to

her within the year, she and the children may still get the benefit of the allowance by being enabled to borrow upon the faith and credit of the amount which they can reasonably anticipate will be made, as soon as conveniently may be, so that, without actually having the allotment *made within* the year, they obtain the support *for* the year immediately following the death of the husband or father.

While the question presented in this record has never before been adjudged in this State, so far as we can ascertain from the reported cases the rules of construction which lead to the conclusion announced have repeatedly been recognized.

We content ourselves with a citation of only one of the many which might be referred to. In *Gupton* v. *Gupton*, 3 Head, 488, it is held that the language of the Code, in providing for the dissent by widow from her husband's will, where it enacts that she shall in such case be *endowed* as if her husband had died intestate, does not limit the estate to be taken by the widow to one-third of the lands, but embraces the *personal* estate as well, and the widow is entitled to such portion of same as she would have been entitled to had there been no will. The learned Judge, in speaking for the Court in that case, said the word endow, or endowed, is not to be limited to the technical sense of giving "dower." "To what it shall extend is a matter of construction, in reference to the object for which it was used, and the connection in which it was found."

The section of the Code which gives the year's support, says it may be had "upon the application of the widow of an intestate, or of a widow who dissents from the will of her husband." Now, under another section of the Code, the one referred to in the case of *Gupton* v. *Gupton, supra*, she has one year within which to dissent. Suppose she does not make known her dissent until the last day of the year following the death of her husband; will it be contended that she could not thereafter file application for the appointment of commissioners to set apart her year's support? We apprehend not. Yet, if it be true that the statute limits the period of application to the year immediately following the death of her husband, she would be cut off.

Certainly, if the widow be not cut off in such case, by the assumed limit of one year, the minor children would not be.

There is nothing *adjudged* in *Bayless* v. *Bayless*, 4 Cold., 359, which is in conflict with the conclusion reached by us in this case.

What was determined in that case can best be ascertained by reference to the language of Judge Milligan in stating the proposition. He says:

"Two questions are presented in the record for our determination:

"*First*—Whether the widow of an intestate husband is entitled to charge the estate of her deceased husband with the value of all the various articles of personal property enumerated in the

Code, §§ 2107–2110, inclusive, as exempt from ex-ecution; or, whether she is entitled to such articles only, in specie, as are 'on hands' at her hus-band's death?

"*Second*—Whether or not she is entitled to an allowance out of the husband's estate for the value of such articles as may be designated in the com-missioner's report, assigning her a year's support, which were not 'on hands' at the death of her husband."

In the case at bar, it is manifest that the ef-fort is not to hold the father's estate liable for "the *value* of such articles which were *not* '*on* hands' *at the death of the father.*"

On the contrary, the administrator is adjudged liable for the two notes set apart in the commis-sioners' report, upon the ground that they were "on hands" at the death of the intestate, as shown by the inventory filed by the administrator.

We do not regard ourselves as concluded by what is said *arguendo* in *Bayless* v. *Bayless;* nor do we admit that, when properly understood with reference to the facts of that case, there is any-thing even in the argument at variance with our decision in the case at bar.

Nor is there anything in *Rocco* v. *Cicalla*, 12 Heis., 510, which, in our opinion, is encroached upon in the decision of this cause.

After approving *Bayless* v. *Bayless*, it continues: "It is evidently contemplated that the commission-ers are to go where the personal effects are, and set

apart, separate, and designate the articles that the widow is to have; and these at once become her property, and she should at once have possession of them, if she has not already. Again, clearly, it was not contemplated that the commissioners should fix a gross sum of money as the amount the widow ought to have, without regard to whether it were on hand or not, and leave the administrator to collect and pay this out of the general assets, as any other debt against the estate."

Still quoting from the opinion in that case: "It was never contemplated that the widow should be left to an action against the administrator for her claim. Her share of the effects on hand must be given to her immediately; and if, after these articles are thus set apart, the administrator should have possession of them, we think that she ought not to be left to her action for their conversion, but the Court should, by way of carrying its orders into effect, compel the delivery of the articles."

"It would, perhaps, *be otherwise* if they have been *converted*, or *changed*, so that the *specific articles* can *not be delivered.*"

We have quoted thus at length from the two cases named, because it is earnestly and ably argued that these cases give an interpretation to the statute under consideration, which is hostile to the conclusion reached in this case.

We have examined them carefully, and find nothing decided therein that is out of harmony

with the point adjudged herein, as we understand them.

In conclusion, we call attention to the case of *Rice* v. *Hunt*, 7 Lea, 39, as evincing the policy of this Court in placing a liberal construction upon the statute in question.

In that case there was on hand at the death of the intestate only $500—no other property or effects. The intestate had borrowed $4,000, and had pledged $13,500 in uncurrent money as security therefor. Judge McFarland, speaking for the Court, said: "Objection is also taken to the allowance of $3,600 to the administratrix, as widow, for her year's support for herself and children. The objection is that the commissioner could only set apart to her such articles or moneys as were on hand at the death of her husband, and that was only $500 on hand in money. The $13,500 was on hand in legal contemplation, although it had been pledged to a creditor."

It is needless to say that a strict or literal construction would have defeated the allowance in that case.

Without further elaboration, it is ordered that the report of the Honorable Commission of Referees be set aside, judgment of the Circuit Court will be reversed, and judgment here against J. J. Greer for the amount due on the two notes referred to in the report of the commissioners, with interest and costs.

Snodgrass, J., delivered a dissenting opinion.