## REDMON v. FULLER.—136 S. W. (2d) 724.

Middle Section. November 13, 1939.

Petition for Certiorari denied by Supreme Court, February 17, 1940.

E. W. Eggleston, of Franklin, for plaintiff in error Mrs. Redmon.

Thurman Thompson, of Lewisburg, for defendant in error Fuller, executor.

CROWNOVER, J. This suit originated upon a petition for a year's support filed in the County Court of Marshall County by Mrs. Redmon, and was appealed directly to this Court.

N. O. Redmon died testate, in Marshall County, in May, 1937, leaving his widow, Mrs. Lethia Ann Redmon, but no children. Robert E. Fuller was appointed executor of his will. The will was probated and the executor duly qualified.

The widow, Mrs. Lethia Ann Redmon, dissented from her husband's will, and latter filed her petition in the County Court asking for a year's support out of said estate.

The personal assets of the estate amounted to about $4,450.

Commissioners were regularly appointed to set apart the year's support, who reported to the Court that they had allotted to her the sum of $120 as a year's support; that she had been paid in advance the sum of $48.20 and should receive $71.80.

Mrs. Redmon excepted to this report, all the exceptions being based on the inadequacy of the allowance, and moved the Court to reject said report and to appoint other commissioners to set aside a year's support in a reasonable amount.

The cause was heard by the County Judge on oral evidence, by written agreement, and he overruled the exceptions, and order was entered confirming the report of the Commissioners, to which action the petitioner excepted.

Petitioner's motion for a new trial was overruled and she appealed in error to this Court, both parties (petitioner and the executor) consenting of record that the appeal be taken directly to this Court (Code, sections 9029, 9069), and has filed a bill of exceptions and assigned errors, which, when summarized, are as follows:

The County Judge erred in overruling petitioner's exceptions to the Commissioners' report allowing her only $120 as a year's support.

The bill of exceptions shows that the only witnesses introduced were Mrs. Redmon and Robert E. Fuller, executor, and Mrs. Rodmon's evidence was not controverted.

Mrs. Redmon testified that she is fifty-five years of age; that she and her husband had been married about a year and ten months at his death; that they had no children, and her husband had never had any children; that his nearest relative is a sister, who is his sole heir-at-law and next of kin; that he owned both real and personal property at his death; that she has no property of any kind except the sum of $750 which has been paid to her as exempt property; that homestead and dower have not yet been assigned to her out of her husband's real estate; that her husband in his lifetime maintained a comfortable home and provided liberally for her. She further testified that she is not in a good state of health and finds it necessary to buy medicine, and that she may need the services of a doctor; that she needs clothing; and that her grocery bill is now $10 a month.

Robert E. Fuller, executor, testified that there has come into his hands as such executor the sum of $2,200 from the sale of personalty, out of which he paid the widow $750 as exempt property; that in addition thereto the deceased owned a stock of general merchandise, which was inventoried at $4,000, but the actual market value of which is $3,000.

On the hearing in this Court the question of this Court's jurisdiction was raised. We are of the opinion that under Code, sections 9029, and 9060, this Court has jurisdiction of this appeal taken directly from the County Court, both parties consenting, as shown by the record.

Code, section 9029, provides:

"In all cases in which the jurisdiction of the county court is concurrent with the circuit or chancery courts, or in which both parties consent, the appeal lies direct to the court of appeals or supreme court, as the case may be."

Code, section 9060, provides:

"In all other cases determined in the county court, an appeal in the nature of a writ of error may be taken to the circuit court, or, both parties consenting, to the proper appellate court."

The County Court has exclusive jurisdiction of proceedings to set apart to the widow a year's support. Code, section 8231; Sizer's Pritchard on Wills and Executors 692, section 631.

■ Where the jurisdiction of the County Court is exclusive, the general rule is that appeals therefrom lie to the Circuit Court; but, by consent of both parties, appearing of record, the appeal may be taken direct to the appellate court. Davidson, Adm'r, in the matter of John B. Bates' Estate, 49 Tenn. (2 Heisk.), 533; Phillips, Adm'r, v. Hoffman, 45 Tenn. (5 Cold.), 251.

It results that, as the parties consented and the consent appears in the record that the appeal should be taken direct to this Court, this Court has jurisdiction.

■ We are of the opinion that under the evidence the sum of money allotted to the widow is insufficient and inadequate for a year's support, and the County Judge erred in overruling her exceptions to the Commissioners' report, and her assignments of errors must be sustained.

■ The statute (Code, section 8231) provides that the commissioners shall set apart so much of the assets "as may be necessary for the support of such widow . . . until the expiration of one year after the decease of her husband."

The Tennessee cases hold that it was the intention of the legislature that the widow should receive a "liberal allowance" (Sanderlin v. Sanderlin's Administrator, 31 Tenn., 441, 1 Swan 441); that the statute should be liberally construed (Rhea v. Greer, 86 Tenn., 59, 5 S. W., 595; Graham v. Stull, 92 Tenn., 673, 676, 22 S. W., 738, 21 L. R. A., 241); that "a suitable amount must be set apart for the year's support" (Rhea v. Greer, supra [86 Tenn., 59, 5 S. W., 596]); that in determining the amount of the year's support to be allotted to a widow, there should be taken into consideration her age, health, needs, social standing, and accustomed mode of living (Graham v. Stull, supra); and that the allowance of a year's support for the widow is made irrespective of the condition of the estate as to solvency or insolvency (Graham v. Stull, supra). It is an extension by law of her right of support out of the personal estate of her husband for one year after his death. Crenshaw v. Moore, 124 Tenn., 528, 532, 137 S. W., 924, 34 L. R. A. (N. S.), 1161, Ann. Cas. 1913A, 165.

In view of the facts of this case we are of the opinion that the petitioner's exceptions to the Commissioners' report should have been sustained, and that the allowance should have been fixed at $250.

It appears that the Supreme Court has not considered the confirmation by the County Court of the Commissioners' report on a year's support as having the weight of a concurrent finding of the Chancellor and Master in the Chancery Court, and has proceeded to fix the amount to be allowed to the widow without remanding the case to the County Court for a new trial. Vincent v. Vincent, 48 Tenn., (1 Heisk.), 333, 342, 343; Sanderlin v. Sanderlin's Adm'r, 31 Tenn. (1 Swan), 441, 443; Bayless v. Bayless, 44 Tenn. (4 Cold.), 359, 363.

It appears that the widow has already received $750 as her exemp-

tions, and will receive one-third of the personalty after the payment of debts, costs, etc. (Code, section 8360), and homestead and dower, therefore we think that $250 would be a reasonable allowance for her year's support.

An order will be entered in this Court in favor of Mrs. Redmon and against the executor for $250 less $48.20, or $201.80. The costs of the cause including the costs of the appeal are adjudged against the estate of N. O. Redmon, deceased.

Faw, P. J., and Felts, J., concur.