Martin *v.* Petty *et al.*

(*Nashville,* December Term, 1945.)

Opinion filed March 2, 1946.

JOE B. WEEMS, of Dickson, for S. E. MARTIN, administrator, appellant.

WM. C. COOK, of Dickson, for Norman A. Jackson, guardian, appellant.

JAMES R. BROWN, of Centerville, for appellee.

MR. CHIEF JUSTICE GREEN delivered the opinion of the Court.

James Robert Petty died intestate January 17, 1945, leaving a small estate. His widow, Georgia Ella Petty, is claiming year's support and exemptions. His only child, a son by a former marriage, disputes these claims. The administrator filed the bill herein which was sustained as a bill of interpleader or bill in the nature of a bill of interpleader. The chancellor, hearing the case on demurrer, denied the widow's claim for year's support, but allowed her claim for statutory exemptions. The widow and the son have both appealed from this decree.

On September 8, 1944, before his death the following January, the deceased and his wife entered into a separation agreement and thereafter lived apart. In the preamble to that agreement it was recited that the two had ''agreed upon a separation which may result in action for divorce'' and proceeded to set out that—

''. . . both parties have agreed upon a settlement of all questions of property, including alimony, alimony *pendente lite*, maintenance and support and provisions to be received in lieu of dower and/or homestead and of all

rights of every kind and character which have accrued, or may accrue to either party by reason of their marital relations . . ." After setting out certain details not here necessary to state, the agreement continued:

"J. R. Petty has paid this day the sum of $500.00 cash to the said Georgia Ella Petty and has delivered to her one refrigidaire [sic], now on his home place, and one Home Comfort Stove which shall be hers and hers absolutely.

"The said. Georgia Ella Petty hereby agrees to and does accept the said $500.00, the said refrigidaire [sic], and the said Home Comfort Stove in lieu of her rights to homestead and dower in the real estate above set out and also in lieu of all claims against the said J. R. Petty for alimony, alimony *pendente lite,* maintenance and support, and all other claims and demands of every kind and nature. They each hereby release to further, [the other any] and all claims which he or she may or might have or claim to have against the other by reason of any matters, cause or things whatsoever from the beginning of the world to the date of this agreement."

The contract contained another paragraph confirmatory of the foregoing and was signed by the parties and acknowledged before a notary by Mrs. Petty.

In disposing of her claim for year's support, the chancellor, after referring to the agreement, spoke as follows:

"It will be noted from the foregoing provisions of the agreement, that the parties expressly agreed upon a settlement of all questions or property, including 'maintenance and support.' Also that Mrs. Petty in express terms accepted the sum of money, frigidaire and stove, in lieu, among other things, of all claims against the said J. R. Petty for 'maintenance and support.' It, therefore,

appears in language clearly and plainly stated that the parties, by said agreement, fully settled all rights that Mrs. Petty had against Mr. Petty for maintenance and support. After the execution of said agreement, Mr. Petty was no longer under any obligation or duty to make any provision for his wife's maintenance and support, and she had no right to make any demands against him for such. All such rights were clearly excluded thereafter by said agreement . . .

"In *McAdams* v. *McAdams*, 177 Tenn. 67, [146 S. W. (2d) 140] the Court made the following statement ([177 Tenn. at] page 74 [146 S. W. (2d) at page 143]) : 'As for the year's support, as pointed out in *Crenshaw* v. *Moore*, *supra*, [124 Tenn. 528, 137 S. W. 924, 34 L. R. A. (N. S.) 1161, Ann Cas. 1913A, 165] that is but an extension for one year after his death of the husband's duty to provide for his wife.'

"In the case at bar the husband was under no duty to provide for his wife after the execution of said agreement, and at the time of his death he was under no obligation to make such provision; therefore, there could be no extension for one year after his death of any duty to provide for his wife, as no such duty existed. There can be no extension of anything non-existent."

This reasoning seems irrefragable to us and we fully concur in the chancellor's conclusion.

His honor, however, ruled that under the decisions of this Court in *Hobbs* v. *Hobbs*, 179 Tenn. 1, 162 S. W. (2d) 394, and *McAdams* v. *McAdams*, 177 Tenn. 67, 146 S. W. (2d) 140, the widow was entitled to the statutory exemptions notwithstanding the separation contract. In this we are not able to follow the chancellor. We think he pressed the authority of the cases cited too far. Both were cases in which prenuptial contracts and their pro-

visions were interposed as cutting off the widow's claim to year's support and exemptions. The widows' claims to exemptions were sustained in both cases but these were dependent widows, each living with her husband and a member of her husband's family at the time of his death.

Statutes relating to year's support and exemptions are Code, secs. 8231, 8232, 8233, 8234. These rights are secured, upon the death of the head of the family, to the widow for the benefit of herself and children and, if there be no widow, for the benefit of the children under fifteen years of age.

■ Our cases emphasize the fact that the statutes were enacted for the protection of the family of the head of the house. *Denny* v. *White,* 42 Tenn. 283, 88 Am. Dec. 596; *Compton* v. *Perkins,* 92 Tenn. 715, 23 S. W. 66; *Mills* v. *Bennett,* 94 Tenn. 651, 30 S. W. 748, 45 Am. St. Rep. 763; *Whitworth* v. *Hager,* 124 Tenn. 355, 140 S. W. 205. Putting this construction beyond doubt are the two cases last cited in which it was held that year's support and exemptions inured to the benefit of stepchildren of decedents, their mothers being dead, and the stepchildren being members of the decedents' families.

■ In the case before us, this wife had withdrawn from her husband's family. Her intent to permanently withdraw from that family was evidenced by a written contract and the statement therein that a divorce action was contemplated. It is averred in the answer of the minor son through his guardian that this contract was knowingly executed, free from any attendant fraud, and the case is before us now merely on the widow's demurrer.

Our attention is called to a statement in *McAdams* v. *McAdams,* 177 Tenn. 67, 146 S. W. (2d) 140, based on *Mills* v. *Bennett,* 94 Tenn. 651, 30 S. W. 748, 45 Am. St. Rep. 763, and *Denny* v. *White,* 42 Tenn. 283, 88 Am. Dec.

596, that "it is against the policy of the law for exemptions to be waived." These cases, however, dealt with exemptions accruing to those entitled to exemptions. The widow in *McAdams* v. *McAdams* was a dependent wife and a member of her husband's family at the time of his death. In the present case, according to the divorce bill, the wife had withdrawn from the family and removed herself from the protection of the exemption statutes before her husband's death. She has no exemption to waive.

There is filed as an exhibit to the administrator's bill a divorce bill which Mrs. Petty brought against her husband a few weeks before his death. This case had not come to issue at the time of Petty's death. In this divorce bill she alleged that the separation contract was secured by fraud and duress and sought to have it set aside. If such were the facts they can be developed on the remand of the cause and proper pleadings.

It results that the chancellor's decree insofar as he denied year's support to the widow will be affirmed. Insofar as he awarded exemptions to her it will be reversed. This action is taken on the record before us. The cause will be remanded to the chancery court of Hickman County with leave to the widow to answer the cross bill of the minor son and for further proceedings not inconsistent with this opinion. The costs of appeal will be taxed to the widow and costs below will be taxed by the chancellor.