BURRIS *v.* McCONNELL.

(*Knoxville*, September Term, 1948.)

Opinion filed December 11, 1948.

See also 185 Tenn. 489, 208 S. W. (2d) 331.

W. E. MICHAEL, of Sweetwater, for complainant.

WITT & BRATTON and FRANK N. BRATTON, all of Madisonville, for defendant.

Mr. Justice Burnett delivered the opinion of the Court.

Both parties, complainant and defendant below, have filed petitions here for *certiorari*. The opinion of the Court of Appeals very clearly states the issues and from it the respective contentions of the parties is obvious. We quote from the opinion the following:

"Mrs. Daisy Burris filed the bill in this case to have the administration of the estate of her father, Alfred McConnell, transferred from the County Court of Monroe County to the Chancery Court of that County. The bill sought a general accounting against the Administratrix, Mrs. Iva McConnell.

"After the bill was filed Mrs. McConnell, as the surviving widow of Alfred McConnell, applied to the County Court of Monroe County for an allowance of a year's support out of the estate of her deceased husband. Commissioners were appointed by the County Judge. Their report shows that they set apart to the widow stock in the Citizens Bank and Trust Company of Tellico Plains having a par value of $1,000.00. Mrs. Burris excepted to the allowance of a year's support because application had not been made until approximately 14 years after the death of Alfred McConnell and because, among other grounds, the allowance was excessive. The hearing of the exceptions to the report of the Commissioners was transferred by agreement for hearing in the Chancery Court.

"As the case comes to us, only 2 questions are involved, namely, the propriety of the action of the Chancellor in crediting the account of the Administratrix with $1,000.00 set apart to her by the Commissioners as a year's sup-

port and the action of the Chancellor in dividing the costs between the parties equally.

"At the time of his death on October 1, 1932, Alfred McConnell owned and resided upon a farm of approximately 100 acres. He left surviving him as his widow, the defendant Mrs. Iva McConnell, and two children, the complainant Daisy Burris who was then married and living with her husband and a son, William McConnell, then 8 years of age. Following the death of Mr. McConnell the widow and William McConnell continued to reside on the farm in much the same manner as before the death of Alfred McConnell.

"Some years later Mrs. McConnell applied to the County Court to have homestead and dower set apart to her out of the real estate. The record contains no satisfactory proof as to the value of the farm at that time but the Commissioners, it appears, set apart to her as homestead and dower the entire farm. As already noted, her application for a year's support was not made until approximately 14 years after the death of her husband when she was allotted for that purpose the 10 shares of bank stock in the Citizens Bank and Trust Company. We find no satisfactory proof as to the actual value of the bank stock either at the death of Alfred McConnell or at the date of the Commissioners' report. It seems to have been charged to the widow as Administratrix at $1,000.00 and credited as $1,000.00 paid out for the year's support awarded the widow. We find no exceptions to these implied findings of the Chancellor as to the value of the stock and, in the absence of proof on the question, we must treat the bank stock as being worth $1,000.00. It is also proper to note that neither complainant nor defendant complain of the allowance of the stock in specie

and we likewise treat that question as precluded from further consideration in this court. We consider first the propriety of the allowance of a year's support 14 years after the death of her husband.

"Code Section 8231 provides that the Commissioners 'shall set apart so much of the crops, stock provisions, monies on hand or due, or other assets, as may be necessary for the support of such widow and her family until the expiration of 1 year after the decease of her husband.'

"The meaning and effect of this language was determined in *Rhea* v. *Greer*, 86 Tenn. 59, 67, 5 S. W. 595, where the court said:

" 'The language referred to is "So much of the crops, stock, provisions, monies on hand or due, or other assets, as may be necessary for the support of such widow and her family, until the expiration of 1 year after the decease of her husband." This, in our opinion, neither expresses nor implies any limit within which the application for the allotment of the support is to be made, but limits only the period for which, as against creditors, the allowance is to be granted.

" 'Under the construction contended for by the Administrator, if for any reason the application could not be made or acted upon until 6 months of 11 months after the death, the provision to be made would be limited to the unexpired portion of the 12 months, so as to allow only 6 or 3 months' support in the cases put.'

"The opinion continues:

" ' Certainly no such strict construction should be given to so beneficient a statute.

" 'As already stated, the primary object of the Legislature is to give the widow and children property or money sufficient for one year's support after the hus-

band's death, the means or manner of setting it apart, as also the time, is secondary. Usually it is necessary to do so within 1 year, as the widow may be unable to live without use of the provision; but if not actually set apart to her within the year, she and the children may still get the benefits of the allowance by being enabled to borrow upon the faith and credit of the amount which they can reasonably anticipate will be made, as soon as conveniently may be, so that, without actually having the allotment made within the year, they obtain the support for the year immediately following the death of the husband or father.'

"In another portion of the opinion it was pointed out that the statute contains no limitations of time within which application for the year's support must be made and that to hold that it must be made within a certain period of time would be to establish judicially a statute of limitations where the Legislature has created none."

As to whether or not delay or lapse of time should bar the allowance of a year's support depends on the facts and circumstances of each case. The general rule is thus stated in 34 C. J. S., Executors and Administrators, sec. 347, p. 54:

"The right to an allowance may be barred by failure to claim it within a reasonable time or within the time limited by statute."

The general rule is that it is the duty of a widow to make her claim for allowance promptly. 24 C. J. 257.

Our statute, Code section 8231, has no limitation. Under the facts herein is fourteen years a reasonable time?

In answering this question, we would say no. For fourteen years this widow lived on and from the property

of her deceased husband with their two children in apparent ease and comfort. The widow elected to sell her life estate, convert the proceeds therefrom to cash and thus she alienated her two children and incidently herself to the point that this and other litigation arose between them. See *Burris* v. *McConnell*, 185 Tenn. 489, 206 S. W. (2d) 894, 208 S. W. (2d) 331. She did not claim this allowance for a year's support until the present litigation was begun asking an accounting from her as executrix of her husband's estate. It is a fair inference that the present litigation and the request for a year's support come from the enmity created by the former litigation referred to, the daughter charging, with cause, that this is an attempt to enrich the mother for the ultimate benefit of her brother who sides with the mother.

■ This allowance of a year's support is, "in a certain sense, a statute of exemption, and is a provision made with reference to the affliction, helplessness, and necessities of widows immediately after the death of their husbands." *Graham* v. *Stull*, 92 Tenn. 673, 676, 677, 22 S. W. 738, 21 L. R. A. 241.

■ "It is an extension by law of her right of support out of the personal estate of her husband for one year after his death, and is founded in a sound public policy, which has for its purpose a conservation of the family upon the death of her husband." *Crenshaw* v. *Moore*, 124 Tenn. 528, 137 S. W. 924, 34 L. R. A. (N. S.), 1161, Ann. Cas. 1913A, 165.

■ "The obvious intention of the Legislature, in passing this statute, was, to provide a temporary support for the widow and her family, immediately on the death of her husband, and to furnish a cheap and expeditious mode of carrying it into execution." *Bayless* v. *Bayless, Ex'r*, 44 Tenn. 359, 362.

The policy of the law is directed to a settlement of estates with dispatch. This being true it would seem to follow that even though no limitation period was fixed by the Legislature they contemplated an application for a year's allowance within the time required for the final settlement of the estate of the decedent, facts and equity so warranting.

On the question of a nine years delay in making application for a year's support the Georgia Court of last resort says in *Mashburn* v. *Mashburn*, 64 Ga. App. 388, 13 S. E. (2d) 190, 191, that:

"The right of the widow to a year's support in sociological approval and legal provisions stands high, and the courts are jealous of any attempt to encroach upon it, but in our zeal to protect it we must be careful lest we invade the rights of others equally as equitable and sacred."

For these reasons we think the application for a year's support should be denied. The costs of the cause will be taxed to and paid out of the estate.

All concur.