In re Estate of Lois Reno Carroll, Deceased.

397 S.W.2d 174.

(*Jackson*, April Term, 1965.)

Opinion filed December 9, 1965.

McCormick & Tharpe, Memphis, James M. Tharpe, Memphis, of counsel, for plaintiff in error.

No counsel of record for defendant in error.

Mr. Chief Justice Burnett delivered the opinion of the Court.

James E. Carroll, Sr., as the legal guardian of James E. Carroll, Jr., filed a petition in the Probate Court of Shelby County asking that the court appoint Commissioners to set aside a year's support for his minor son. The petition averred that the deceased mother, Lois Reno Carroll, was the head of the household at the time of her death; that she left an estate consisting of certain personal property; that her minor son had been granted to her custody in a divorce action formerly had between petitioning guardian and her; and that she supported this seventeen (17) year old boy. The Probate Judge denied the petition, and this appeal has resulted.

The petition herein is filed under T.C.A. sec. 30-802, et seq., which provides that upon the death of the head of the household the Probate Judge upon application being made shall appoint Commissioners to set aside support for the widow and her family for the expiration of one year after the decease of her husband. T.C.A. sec. 30-805 provides that if there is no widow such may be done for the benefit of children under the age of eighteen.

The purpose of these statutes is to provide temporary support for a widow and her family, immediately

upon the death of the husband and father, making it possible to hold the family together for at least one year, and to furnish an expeditious manner of accomplishing this result. *Carey v. Carey,* 163 Tenn. 486, 43 S.W.2d 498; *Burris v. McConnell,* 187 Tenn. 489, 216 S.W.2d 10.

██ The lawmakers in enacting these statutes merely provide for support for certain members of the family from a deceased's estate, who, while in life, was legally bound to support them. The theory upon which this petition is filed is that the mother was legally bound to support this minor child, but the fact remains that the father of a child still has a legal obligation to support his minor children regardless of whether or not the child has been awarded to the custody of the mother in a divorce proceeding. Therefore, since there was still the obligation on the father to support this child after the mother's death, the argument here fails because upon her death the obligation is still on the father to provide this support.

In other words, the only purpose of the statute is to allow the court out of the estate to provide some support for a temporary time, and when there is another who is obligated to support this person the reason for the statute fails. The statute merely makes the estate of the father or deceased husband liable for these things, and gives the court the right to appoint Commissioners to set aside this support out of his estate. The Legislature has never seen fit to go further and provide that this should be done out of the mother's estate when there is still a surviving father whose obligation to support does not cease because of the divorce. These statutes simply recognize as the highest duty of the husband and father the protection and care of the wife and children. It is a

provision made to supply immediate wants and necessities.

There are some cases in other jurisdictions wherein such an allowance has been made out of the mother's estate, but in each of those cases the mother was under a duty to support the children, and in each case the children were left without any person legally bound to support them. In view of the purposes of the year's support statute, as above stated, we can see no reason for granting a year's support when there is left a living father who is legally bound to support the minor child. The law places upon this surviving father the full responsibility for the support of this minor child.

It is very forcibly argued that the Legislature by Chapter 226 of the Public Acts of 1959 amended T.C.A. sec. 30-804 to provide that the employers of a woman who was head of a household were authorized to pay the children of such deceased employee any wages or salary up to a certain amount and this is more or less expressing the desire of the Legislature that the children of a mother should be allowed this year's support, especially in view of the fact that the statutes controlling same are construed liberally in favor of the right. *Rhea v. Greer,* 86 Tenn. 59, 5 S.W. 595; *Graham v. Stull,* 92 Tenn. 673, 22 S.W. 738, 21 L.R.A. 241. This statute though only affects the employer of a woman employee who is the head of a household in reference to wages due her. It or no other statute that we can find in any way attempts to change the rule of those statutes we have heretofore referred to. We think, too, that so long as there is a father living who is immediately bound to support this child that no such allowance should be made.

Finally, it is said in 34 C.J.S. Executors and Administrators 332b, page 30, that:

"In the absence of testamentary provision therefor, the minor children of a deceased mother are not, as a general rule, entitled to maintenance and support out of her estate, although this is sometimes allowed by statute, especially where the father of the children predeceased their mother."

For the reasons herein expressed we are well satisfied that the Probate Judge reached the right conclusion in denying the support herein. It follows thus that his judgment is affirmed at the cost of the petitioner, plaintiff in error.