**In re The ESTATE OF Oleta GRAY, Deceased.**

Court of Appeals of Tennessee, Western Section.

Jan. 27, 1987.

Application for Permission to Appeal Denied by Supreme Court May 11, 1987.

Harold F. Johnson, Jackson, for appellants.

Warmath and Boyte, Humboldt, for appellee.

TOMLIN, Presiding Judge, Western Section.

This litigation surrounds the estate of Oleta Gray, deceased (hereafter "deceased"). She died testate, leaving all of her estate to her children by a former marriage, naming them Executors of her estate (hereafter "Executors"). Husband filed a Petition for Elective Share in the Law and Equity Court of Gibson County. Later by oral motion, he asked for a year's support and homestead to be set aside to him. Executors filed a Petition for Partition by Sale. The chancellor held that Husband was entitled to an elective share in the deceased's one-half undivided interest in real estate owned by Husband and Deceased as tenants in common, notwithstanding the existence of a contractual agreement relied upon by Executors. Husband was also awarded a year's support in the amount of $5,200 and homestead in the amount of $5,000. The chancellor also found that certain certificates of deposit in the names of Deceased and Executors were

valid gifts to her children and were not fraudulent conveyances.

Both Husband and Executors have appealed. Executors raise the following issues: (1) whether the chancellor erred in holding that Husband was an "heir-at-law" of Deceased; (2) whether the filing of a petition for elective share was equivalent to dissenting from the will so as to entitle Husband to claim a year's support allowance under T.C.A. § 30–2–102; (3) whether the award of a year's support by the chancellor was supported by the evidence; (4) whether the award of a year's support was excessive considering the limited personal assets of the estate; and (5) whether Husband's oral application to have homestead set aside was adequate in light of T.C.A. § 30–2–201, et seq. Husband's appeal challenged the action of the chancellor in failing to hold the gifts of certificates of deposit to be fraudulent conveyances. As outlined hereafter, we reverse in part, affirm in part, modify in part and remand.

Deceased died testate in March, 1984 survived by her Husband and two adult children from a previous marriage. Deceased's will, duly probated, provided that her two children, named Executors of the estate, should receive her entire estate. Husband then filed a Petition for Elective Share pursuant to T.C.A. § 31–4–102. Executors filed a Petition for Partition by Sale of four parcels of real property owned by the parties as tenants in common during Deceased's lifetime. All four parcels were subject to a written agreement entered into between Husband and Deceased at or following their purchase.

The parcels acquired by Husband and Deceased in their joint names were subject to an agreement which contained in part the following language stating that they were to hold the property as

tenants in common, whereby each are to have a one-half undivided interest in said property, the survivor not to take the whole, thereby, the heirs at law of the said Oleta Gray are to have her one-half undivided interest in the event that said property is owned by said parties at the

time of her death. It being expressly agreed and understood that if the said children become the owners of said one-half undivided interest the said Allen C. Gray shall have the priority to purchase their interest in the event they elected to sell same.

At a hearing below on Executor's motion to dismiss Husband's Petition for Elective Share, Husband made an oral motion to have set aside to him a year's support allowance along with homestead in the parties' residence. No written amendment to the pleadings was ever filed by Husband. Husband also claimed that he was entitled to an elective share and a year's support out of three certificates of deposit found in the names of Deceased and her two children, contending these were fraudulent conveyances.

The chancellor treated Husband's oral motion for a year's support and homestead as an amendment to his Petition for Elective Share. He also found that Husband, as the surviving spouse, was one of the heirs-at-law of the Deceased and was thus entitled to an elective share of one-third of Deceased's one-half undivided interest in the parcels of real estate held by the parties as tenants in common during their lifetime. In holding that Husband's Petition for Elective Share was tantamount to dissenting from the will, the chancellor proceeded to award Husband a year's support in the amount of $5,200. In awarding Husband homestead, the trial court ordered the residence, owned by the Deceased, to be sold with $5,000 of the proceeds to be paid to Husband as homestead allowance and the balance ultimately divided equally between the Executors and Husband. The chancellor decreed partition by sale, directing that the proceeds of sale of the four parcels of real estate owned by Husband and Deceased as tenants in common be divided two-thirds to Husband and one-sixth to each of the two Executors. As to the certificates of deposit, the chancellor found that there was no evidence of an intent on the part of Deceased to defraud Husband; thus they were valid gifts from the Deceased to Executors.

## I. HEIRS–AT–LAW.

Without question, Husband and his deceased wife acquired title to the four parcels of real estate as tenants in common. It is also uncontroverted that under the agreement entered into by them at the time or shortly after taking title to the respective parcels of property, each waived his and her right to survivorship. As previously noted, each agreement provided that "the heirs at law of the said Oleta Gray are to have her one-half undivided interest in the event that said property is owned by said parties at the time of her death." The chancellor found Husband to be an heir-at-law. Executors contend that at the time the agreement was entered into, the statute governing descent and distribution did not include a surviving spouse as an heir-at-law, and that the law as of the date the agreement was entered into rather than status of the law at the time of Deceased's death should control.

The term "heirs-at-law" refers to those persons who would stand to inherit real and personal property of a person dying intestate. *See Alexander v. Wallace,* 76 Tenn. 569, 572 (1881). In 1960 and 1961, the years the agreements were executed, the laws of descent and distribution governing real property provided that the sons and daughters of the deceased were to inherit real estate equally. *See* T.C.A. § 31–101. A surviving spouse was not included as an "heir-at-law."

By 1984, the year of Deceased's death, the laws of descent and distribution had been amended to include a surviving spouse as an heir-at-law. *See* T.C.A. § 31–1–101(5) and § 31–2–104(2).

In *Cary v. Cary,* 675 S.W.2d 491, 493 (Tenn.App.1984), Judge Franks, writing for the Eastern Section, said: "It is well settled that laws affecting construction or enforcement of a contract existing at the time of its making form a part of the contract. *Robbins v. Life Ins. Co.,* 169 Tenn. 507, 89 S.W.2d 340 (1936)." *See also Lunati v. Progressive Building & Loan Association,* 167 Tenn. 161, 67 S.W.2d 148 (1934); *McKissick v. McKissick,* 25 Tenn. 75 (1845).

As stated in 17A C.J.S. *Contracts* § 330 (1963),

> Generally, unless a contract provides otherwise, law applicable thereto at the time and place of its making, including constitutional and statutory provisions and judicial precedents, is as much a part of the contract as though it were expressly referred to and incorporated in its terms; and the same is true of the law of the place where it is to be performed. *The reason for this rule ordinarily is that it is presumed that the parties had such law in contemplation when the contract was made.* [emphasis added].

 Both the case law of this state and text authority dictate that the agreements herein must be read in light of the laws of descent and distribution at the time they were executed. That being the case, Husband would not be an "heir-at-law" of the Deceased and thus would not be entitled to share in the Deceased's one-half undivided interest in the real property. Moreover, the terms of the agreement clearly indicate that Husband expressly waived any right of survivorship in Deceased's one-half undivided interest in this property. He cannot defeat this agreement by seeking an elective share. *See Seat v. Seat*, 172 Tenn. 618, 113 S.W.2d 751 (1938).

## II. ONE YEAR'S SUPPORT.

Executors contend that Husband has not complied with the statutory requirements so as to entitle him to a year's support, contending that his oral motion asking for a year's support at a hearing to dismiss his petition for elective share is insufficient.

For over a hundred years both the statute and case law of this state have provided that to be entitled to a year's support a formal dissent from the will had to be made by the widow in open court. *See* T.C.A. § 31–605. This was subsequently changed to apply to the "surviving spouse." *See* T.C.A. § 31–614.

In a special session of the legislature in 1976, laws governing estates underwent a massive overhaul. Statutes governing dissent from the will were rewritten, thereafter being called a proceeding for taking an elective share. *See* T.C.A. § 31–4–102. Admittedly, the statute governing a year's support allowance, T.C.A. § 30–2–102, did make reference to a spouse "who dissents from a decedent's will." [1]

 *Pritchard on Wills and Administration of Estates*, § 643 (4th ed. 1983) has this to say regarding the manner and form for making application for a year's support.

> The proceedings in the probate court to set the year's support are *ex parte* and *in rem*. No notice or petition is required, but the facts necessary to give jurisdiction must appear upon the face of the record; otherwise, the proceedings are void. The presumption is that the proceeding was regular and that the probate court observed every requirement of the statute.

When we read the statutes together, it is obvious that our legislature has substituted the elective share proceedings for the older concept of dissenting from the will. Accordingly, Husband's oral motion for a year's support is not defective and was proper.

 Executors' contention that the chancellor should not have allowed a year's support for the lack of evidence as to Husband's previous standard of living is not well taken. In *Redmon v. Fuller*, 23 Tenn. App. 623, 136 S.W.2d 724, 725 (1939), it was stated: "In determining amount of year's support to be allotted to decedent's widow, her age, health, needs, social standing and accustomed mode of living should be considered." Husband testified that he and Deceased had been married for approximately twenty-seven years and that it would cost him roughly $7,200 to live for one year, including expenditures for groceries, clothes, transportation and housing. In our opinion, this testimony was sufficient for the chancellor to award a year's support. It has been held that this statute

---

1. This reference was modified by a 1985 amendment that substituted "a surviving spouse who elects to take against" for "a spouse who dissents from."

should be liberally construed in favor of the right of the widow or widower. *See Acuff v. Daniel,* 215 Tenn. 520, 387 S.W.2d 796 (1965).

■ However, we do find that the chancellor's award of $5,200.00 as a year's support is excessive. The record reflects that the personal assets of Deceased total only $2,875.70. In *Cate v. Cate,* 43 S.W. 365 (Tenn.Ch.App.1897), it was held that only the personal property and not the real property of the deceased is chargeable with a year's support. It follows that the chancellor's award must be reduced to $2,875.70, the amount of the personal assets of Deceased's estate.

### III. HOMESTEAD.

Executors also contest the chancellor's award of $5,000 homestead allowance to Husband, asserting that Husband made only an oral demand for same and did not comply with the statutory requirements. We agree. To apply for homestead, the following statutes must be complied with:

*30–2–203. Notice of application.—* (a) Before making the application, the petitioner shall give to the personal representative, if one has been appointed, and to the heirs or devisees, and distributees or legatees, resident in the state, five (5) days' notice, in writing, of the intended application, and if there be any minor interested, his guardian shall be notified, and, if no guardian has been appointed, the court shall appoint a guardian ad litem for the minor.

(b) It shall not be necessary to give notice to nonresidents by publication in a newspaper or otherwise, but such nonresident interested in the estate and not so notified shall have three (3) years from the date of the application to move for a rehearing of the cause, of which motion the personal representative and heirs or devisees resident in the state shall have five (5) days' notice in writing, and the cost of the rehearing shall be taxed as may be deemed just by the court.

(c) The notices to residents may be accepted by the competent parties, or may

be served by a sheriff, his deputy, or a constable.

*30–2–204. Application for homestead.—* The surviving spouse may make application to any one of the courts named in § 30–2–202 in the county where the husband or wife, as the case may be, last resided before death, for the appointment of two (2) freeholders or householders of the county, unconnected by affinity or consanguinity with those interested in the estate of the deceased, to allot and set apart the homestead to the applicant, in connection with the county surveyor, or his deputy.

*See also Pritchard on Wills and Administration of Estates,* § 652 (4th ed. 1983); *Spain & Hawkins v. Adams,* 3 Tenn.Ch. App. 319, 322 (1876).

■ Inasmuch as Husband did not file a formal application for homestead or give the proper notice required under the statutes, he is not entitled to an award of homestead and it was error for the chancellor to make such an award.

### IV. CERTIFICATES OF DEPOSIT.

Finally, Husband contends that he is entitled to an elective share from the three certificates of deposit that were titled in the names of Deceased and her two children, contending that the titling of these certificates of deposit amounted to fraudulent conveyances. Husband relies upon T.C.A. § 31–1–105, which reads as follows:

*31–1–105. Fraudulent conveyance to defeat share voidable.—* Any conveyances made fraudulently to children or others, with an intent to defeat the surviving spouse of his distributive or elective share, is voidable at the election of the surviving spouse.

■ In seeking to ascertain the presence of fraudulent intent, the courts are obliged to consider whether the transfer was made without consideration, the size of the transfer in relation to the decedent's total assets; the time between the transfer and the decedent's death; relations which existed between decedent and surviving spouse at the time of the transfer, and the source from which the property came. *See Sher-*

*rill v. Mallicote,* 57 Tenn.App. 241, 417 S.W.2d 798 (1967).

After a careful examination of the record, applying the above principles, we find that there is no evidence of any intent by the Deceased to defraud Husband in connection with these certificates of deposit. The chancellor's decision as to these assets is correct.

For the reasons stated, we hold that Husband was not an "heir-at-law" of the Deceased, and thus is not entitled to share in the Deceased's one-half undivided interest in the real estate. We affirm the Order of Partition and Sale, modifying it to provide that Husband is to receive only his one-half undivided interest in the proceeds, the other one-half to be divided equally between the Executors. The award of one year's support is modified by reducing same to the amount of $2,875.70. That portion of the chancellor's decree setting aside homestead to Husband, ordering the sale of the home of the parties which belonged to the Deceased and ordering one-third of the proceeds thereafter to be paid over to Husband is reversed. We affirm the decree of the chancellor holding that the certificates of deposit were valid gifts and not fraudulent conveyances.

This cause is remanded to the Law and Equity Court of Gibson County for further proceedings in accordance with this opinion. Costs in this cause are taxed one-half to Husband and one-half to Executors, for which execution may issue, if necessary.

CRAWFORD and HIGHERS, JJ., concur.