Olena HALL, Executrix of the Estate
of Margaret F. Jeffers, Deceased,
Plaintiff–Appellee,

v.

Wayne R. JEFFERS,
Defendant–Appellant.

Court of Appeals of Tennessee,
Eastern Section.

April 6, 1990.

Application for Permission to Appeal
Denied by Supreme Court July 23, 1990.

Kyle K. King, Greeneville, for defendant-appellant.

William S. Todd, Kingsport, for plaintiff-appellee.

OPINION

GODDARD, Judge.

This is an appeal as of right by Wayne R. Jeffers from a judgment entered July 31, 1989, in the Probate Court of Washington County, sitting without a jury, on his application for a year's support[1] out of the

---

[1] **30–2–102. Year's support allowance.**—(a) In addition to the right to homestead, an elective share under title 31, chapter 4, and exempt property, the surviving spouse of an intestate, or a surviving spouse who elects to take against a decedent's will, is entitled to a reasonable allowance in money out of the estate for his or her maintenance during the period of one (1) year after the death of the spouse, according to his or her previous standard of living, taking into account the condition of the estate of the deceased spouse.

estate of his deceased wife, Margaret Jeffers.[2]

Mr. Jeffers appeals contending the allowance was insufficient. Although the Executrix insisted at trial that Mr. Jeffers was not entitled to a year's support, she did not pursue this contention on appeal.

Wayne and Margaret Jeffers were married September 23, 1972. They had no children. At the time of her death, they had been separated for 20 months. The separation came about when Mrs. Jeffers filed a divorce action on January 2, 1985, and had her husband served with a restraining order removing him from the premises. She was murdered on August 21, 1986, by her husband's brother while the divorce action was still pending. Mrs. Jeffers left a holographic will, two handwritten pages in length, bearing the date of June 27, 1986. Her will gave Mr. Jeffers a few items of tangible personal property. He elected to take against the will. The estimated value of the estate left by Mrs. Jeffers amounted to about $220,000 in personalty and about $150,000 in realty.[3]

In support of his claim for a year's support, Mr. Jeffers presented the Trial Court with several exhibits which outlined his expenses for the period 1985 to 1986 of $21,816 and for the period August 1986 to August 1987 of $22,932. The Appellee argues that entitlement to a year's support is not absolute and that the purpose of the year's support allowance is primarily the protection and adjustment of a surviving spouse after the death of the head of the household. Thus, the Appellee claims that Mr. Jeffers is not entitled to an allowance of a year's support under the provisions of T.C.A. 30–2–102, because Mr. and Mrs. Jeffers had been separated for more than a year and a half at the time of her death, a contested divorce action was pending between them, and at the time of her death he was in no way relying upon any contribution from her or her estate for his support and maintenance or his standard of living.

On June 22, 1989, the Probate Court rejected the argument that Mr. Jeffers was not entitled to a year's support and awarded him the amount of $2400. In this appeal, Mr. Jeffers argues that the amount of $2400 is grossly inadequate under the facts and the law.

The Court found that because of the separation, Mrs. Jeffers possibly provided some housekeeping assistance valued at roughly $100 per month, but that she really contributed nothing more financially. Indeed, the Court found that monetarily Mrs. Jeffers contributed zero dollars in cash to the family during the relevant period of time.

The Court further found that Mr. Jeffers was engaged in a partnership with his brother consisting essentially of two occupations, farming and the buying and selling of real estate.[4] He received, according to the partnership's office manager, a draw of some $400 per month, or some $4800 a year, which appears to be his primary source of income. Mr. Jeffers testified that he also received money from cattle and mule sales and the sale of real estate. Further, Mr. Jeffers claimed that Mrs.

---

2. This action represents another in a series of cases concerning the estate of Margaret Jeffers, who was killed in a Johnson City courtroom by the Appellant's brother on August 21, 1986. In a prior suit, Olena Hall, Executrix, filed a suit in the Chancery Court for Washington County asking that Court to declare that the surviving husband, Wayne R. Jeffers, was not entitled to any of the statutory spousal rights in the estate of his deceased wife. The Trial Court ruled favorably to the Executrix in the action. However, upon appeal to this Court, that judgment was reversed. *Hall v. Jeffers,* 767 S.W.2d 654 (Tenn. App.1988). Permission to appeal to the Tennessee Supreme Court was denied. Mr. Jeffers subsequently received an elective share of one-third of the decedent's net estate and the sum of

$5000 for homestead. Mr. Jeffers contends that the prior decision becomes the law of the case.

3. The lands owned by Mrs. Jeffers consisted of an approximately 32–acre farm in Washington County devised to her by her mother.

4. The Court found that because of the separation from his wife, Mr. Jeffers had conveyed certain farm properties to his brother, Howard Jeffers. The conveyance had left his brother or the business partnership really in control of the farming operation; therefore, the Trial Court did not consider any income from or the applicability of the farming business.

Mary Ruth Jeffers, his sister-in-law, also loaned him money.[5]

After hearing the testimony, the Trial Court held that the language of T.C.A. 30–2–102 is not discretionary. The Judge found that the wording "is entitled to a reasonable allowance" made the allowance mandatory. However, the Trial Judge did not think the statute was enacted in a vacuum. He felt that the 1967 Legislature had merely sought to make clear that both men and women are to benefit from the statute and that it is not confined to females only. He did not feel that the enactment of that statute wiped away the years of jurisprudence that had gone with the interpretation of the year's support statute. Thus, the Judge noted as follows:

Mr. Jeffers says he needs $21,000.00 or $22,000.00 a year. That's one of the factors I consider. By the same token, I did not consider the size of the estate, ... I looked at his previous standard of living consistent with what his standard of living is at the present time. I also look at whether or not that either party supported the other party. As I've indicated, no minor children, but that would have been one of the factors. Is there a need to enter a supporting order to hold a family together? Well, if anything belies that kind of a standard it's a divorce action being filed and without minor children there is simply nothing here to hold together, and finally, what effect does the divorce have on a year's support?

Taking all these factors into consideration, the court concluded as follows:

The testimony ... reasonably indicates that for whatever reason, Mr. Jeffers chose to live very modestly during the period of time in question. The Court finds, in fact, that he was living ... on approximately $4,800.00 a year. The decedent contributed no cash dollars to that standard. She may have provided some few services consistent with these parties being very distant because of the separation and pending divorce action.

The Court, taking that kind of income, $4,800.00, and looking at the needs of Mr. Jeffers, which the Court concedes may exceed that $4,800.00, thinks that her contribution, or a year's support in lieu of her contribution, would fairly amount to the sum of $2,400.00.

The present Tennessee statute replaced one which provided that "there should be set aside to the widow of an intestate or a widow who dissents from her husband's will so much ... as may be necessary for the support of such widow and her family until the expiration of one (1) year after the decease of her husband."[6] The Appellee strongly contends that the term "reasonable" in the present statute brings to bear the same judicial considerations that arose under the term "necessary" in the prior statute. She notes some of those considerations as follows:

(A) Whether or not a year's support is necessary to hold the family together for at least one year. See *In re Carroll Estate,* 217 Tenn. 245, 397 S.W.2d 174 (1965).

(B) Whether or not either party supported the other during their separation and pending divorce. See *Martin v. Petty,* 183 Tenn. 343, 192 S.W.2d 823 (1946).

(C) Whether the party seeking the allowance requires it in order to maintain his standard of living, taking into account his "age," "health," "social standing," and "accustomed" way of life. See *In re Estate of Gray,* 729 S.W.2d 668 (Tenn.App.1987).

Most states have statutes which authorize payments from the estate to the surviving spouse and minor children for support during the administration of the estate. These statutes vary greatly. The Tennessee cases decided under the prior law hold that it was the intention of the Legislature that the widow should receive a "liberal allowance" *Sanderlin v. Sanderlin's Admr.,* 31 Tenn. 441 (1852); that the statute should be liberally construed and that a strict or legal construction would not

5. Allegedly, due to the litigation in which he was involved for the period prior to his wife's death, Mr. Jeffers' cash flow was diminished and below normal.

6. T.C.A. 30–803.

be enforced to defeat the year's support. *Rhea v. Greer,* 86 Tenn. 59, 5 S.W. 595 (1887); *Graham v. Stull,* 92 Tenn. 673, 22 S.W. 738 (1893); and that "a suitable amount must be set apart for the year's support." *Rhea v. Greer,* supra; *Redmon v. Fuller,* 23 Tenn.App. 623, 136 S.W.2d 724 (1939).

■ Little case law exists construing the 1967 enactment. In *In re Estate of Gray,* supra, the Court, in quoting from *Redmon v. Fuller,* approved the following language (729 S.W.2d at 671):

> "In determining amount of year's support to be allotted to decedent's widow, her age, health, needs, social standing and accustomed mode of living should be considered."

Also, the Tennessee Supreme Court appeared to note in *Fogo v. Griffin,* 551 S.W.2d 677, 679 (1977), while referring to the distributive share section, that the year's support statute is not automatic:

> This latter [distributive share] section is but a special statute of descent and distribution for the benefit of the widow. It does not condition her entitlement upon her good conduct and her misconduct is not a bar. *It must be borne in mind that wholly different considerations are present where homestead and the statutory year's support are involved.* (Emphasis added.)

Thus, it would appear that the former case law is still useful in deciding year's support cases and should be utilized when considering whether the year's support request is reasonable.

In *In re Carroll Estate,* supra, the Court held that the purpose of the year's support statute is to provide temporary support for a widow and her family, immediately upon the death of the husband and father, making it possible to hold the family together for at least one year. The Court noted that the Legislature merely provided for support for certain members of the family from the estate of the deceased who, while in life, was legally bound to support them. This allowance of a year's support is, as noted in *Graham v. Stull,* supra, in a sense, a statute of exemption, and is a provision made with reference to the necessities of widows immediately after the death of their husbands. 92 Tenn. 673, 22 S.W. 738 (1892). In *Crenshaw v. Moore,* 124 Tenn. 528, 137 S.W. 924 (1911), it was noted that "[i]t is an extension by law of her right of support out of the personal estate of her husband for one year after his death, and is founded in a sound public policy, which has for its purpose a conservation of the family upon the death of the husband."

■ The present Tennessee statute says the surviving spouse "is entitled to a reasonable allowance in money out of the estate for his ... maintenance ... according to his ... previous standard of living...." The Court finds the word "maintenance" to be a key term here. The noun "maintenance" denotes "means of support or livelihood." American Heritage Dictionary of the English Language (1978). Thus, the purpose of the statute is to maintain a surviving spouse while giving him or her an opportunity to adjust to the loss of or decrease in a standard of living that was provided or contributed to significantly by the deceased spouse. The period of a year is allowed so that the surviving spouse will be preserved during the administration of the estate.

Upon construing T.C.A. 30–2–102 in light of the foregoing case law, we conclude the Trial Court was not in error in refusing to allow the $21,000 insisted upon by Mr. Jeffers.

The decision of the Probate Court of Washington County is affirmed and the cause remanded for such further proceedings, if any, as may be necessary and collection of costs below. Costs of appeal are adjudged against Mr. Jeffers and his sureties.

FRANKS and ANDERSON, JJ., concur.