IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
December 5, 2000 Session

# IN RE: THE ESTATE OF LESTER HILL DOYLE AND THE ESTATE OF EDGAR J. DOYLE v. WILLIAM L. HUNT

**Appeal from the Probate Court for Davidson County**
**No. 93P211     Frank G. Clement, Jr., Judge**

_____

**No. M1997-00179-COA-R3-CV - Filed April 26, 2001**

_____

The beneficiaries of the Edgar J. Doyle estate and trust petitioned the court for removal of the executor/trustee of the estates and trusts of Lester Hill Doyle and Edgar J. Doyle for, *inter alia*, failure to timely file the required inventories and accountings of both estates.  Finding that the executor/trustee breached his fiduciary duty, the trial court removed the executor/trustee and appointed a third party not nominated in either will as the successor executor/trustee in both estates.  The executor/trustee alleges error with his removal without an evidentiary hearing and the court's appointment of the successor trustee.  We reverse.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Probate Court Affirmed; and Remanded**

DAVID R. FARMER, J., delivered the opinion of the court, in which ALAN E. HIGHERS and HOLLY K. LILLARD, J.J., joined.

David D. Peluso, Hohenwald, Tennessee, for the appellant, William L. Hunt.

Thomas H. Ware, Nashville, Tennessee, for the appellees, The Estate of Lester Hill Doyle and The Estate of Edgar J. Doyle.

## OPINION

Lester Hill Doyle (Mrs. Doyle), mother of Edgar J. Doyle (Mr. Doyle), died testate on March 21, 1991.  On April 29, 1991, Mrs. Doyle's will was admitted to probate.  Mrs. Doyle left her entire estate to a trust, and she nominated Mr. William L. Hunt (Mr. Hunt) to serve as trustee.  Pursuant to Mrs. Doyle's will, Mr. Doyle was appointed to serve as executor of the estate.

Mr. Doyle died testate in February of 1993, and his will was admitted to probate on February 16, 1993.  Mr. Doyle left his entire estate, which included the assets received from Mrs. Doyle's estate, to a trust.  At his death, Mr. Doyle was survived by five children, Rodney Doyle, Lori Doyle,

Barbara Doyle, Russell Doyle, and Nancy Doyle (the beneficiaries), all of whom were over the age of majority. Pursuant to Mr. Doyle's will, Mr. Hunt was appointed to serve as executor of Mr. Doyle's estate. Additionally, by order of the court, Mr. Hunt was appointed to serve as administrator d.b.n. of Mrs. Doyle's estate in place of Mr. Doyle, who died while serving as executor.

On April 15, 1994, notice was sent to Mr. Hunt, as executor of Mr. Doyle's estate, informing him that the required annual accounting of Mr. Doyle's estate had not been timely filed. On May 31, 1994, Mr. Hunt received a citation to appear before the Probate Court for Davidson County to show cause why he had failed to timely file the accounting as required by law. On June 10, 1994, Mr. Hunt filed a Settlement Continuance Affidavit in which he requested an additional six months to file the required accounting, by no later than December 30, 1994. On December 30, 1994, Mr. Hunt again petitioned the probate court for additional time in which to file his accounting, requesting an additional ninety days, by no later than March 30, 1995. By March 30, 1995, however, no accounting had been filed.

In July of 1996, the beneficiaries of Mr. Doyle's trust filed a petition requiring an inventory and an accounting, and an order requiring such was entered by the trial court on August 13, 1996. On August 15, 1996, Mr. Hunt filed an inventory of the assets of Mr. Doyle's estate and an accounting for that estate from March 1, 1993, through June, 1996. Mr. Hunt did not file an inventory or accounting for Mrs. Doyle's estate.

On October 29, 1996, the beneficiaries of Mr. Doyle's trust filed a petition requesting that Mr. Hunt be removed as executor of Mr. Doyle's estate; that he be removed as trustee of Mr. Doyle's trust; and for an inventory and accounting of the assets of Mr. Doyle's estate. The beneficiaries further requested that the court enter a temporary restraining order against Mr. Hunt to enjoin and restrain him from making further disbursements from Mr. Doyle's estate pending a hearing on their petition to have Mr. Hunt removed. In November of 1996, the trial court denied the beneficiaries' request for a temporary restraining order, but it directed Mr. Hunt to file inventories and accountings for Mrs. Doyle's and Mr. Doyle's estates from the inception of his service until the present; to itemize all services rendered and compensation received from both estates; to cease distributions from either estate, unless for the preservation of assets, without court approval or agreement of the parties; and to cease payment of fees to himself from either estate until further order of the court. On December 4, 1996, the beneficiaries filed a petition for show cause order and for the removal of Mr. Hunt as executor/trustee, citing as cause Mr. Hunt's failure to file an inventory or accounting for either estate, despite the court's November, 1996, order. The court continued the beneficiaries' request for removal of Mr. Hunt, but it ordered Mr. Hunt to comply with the court's November, 1996, order and to produce the original bank statements and cancelled checks for the estate accounts, as required by law. The court required the filing of these documents by January 10, 1997.

Mr. Hunt filed a notice with the court on January 10, 1997, informing the court that he had requested the original documents for the estate accounts from the financial institution maintaining the account. On January 16, 1997, the beneficiaries renewed their petition for show cause order and for removal of Mr. Hunt as executor/trustee. On January 27, 1997, Mr. Hunt filed an inventory and

accounting of Mr. Doyle's estate from March 1, 1993, through August 1, 1996. After a review of the inventory and accounting filed by Mr. Hunt, the trial court removed Mr. Hunt as executor/trustee of the estates of Lester Hill Doyle and Edgar J. Doyle. The court appointed Mr. Ronald K. Nevin (Mr. Nevin) as Administrator c.t.a. in both estates.[1] The court further directed Mr. Hunt to file a complete and final accounting in both estates within thirty days, but by no later than March 3, 1997.

In March of 1997, Mr. Hunt filed a motion to alter or amend the court's order wherein Mr. Hunt was removed as executor/trustee of Mrs. Doyle's and Mr. Doyle's estates, which the court denied.[2] Mr. Hunt appeals the judgment of the trial court, raising, as we perceive them, the following issues for our review:

1.      Whether the trial court erred in removing Mr. Hunt as executor/trustee of the estates of Lester Hill Doyle and Edgar J. Doyle.

2.      Whether the trial court erred in failing to join all parties in interest by not making the alternate or successor trustees named in Mr. Doyle's will parties to this action.

### *Estate of Lester Hill Doyle*

Lester Hill Doyle died testate on March 21, 1991. Her Last Will and Testament, probated on April 29, 1991, contained the following provisions:

### ARTICLE II

All the rest, residue and remainder of my property, real and personal and wherever situated, including all lapsed devises, and including any property over which I may have a power of appointment, I give and devise to WILLIAM L. HUNT, as Trustee under a certain Trust Agreement, The Lester H. Doyle Trust Agreement, dated the 28th day of November, 1990, and executed prior to the execution of this Will between myself as Grantor and William L. Hunt as Trustee creating a trust to be added to and commingled with the principal of the trust created therein or distributed in whole or in part as if it had been an original part thereof, provided that

---

[1] On December 22, 1999, Mr. Nevin resigned as Administrator c.t.a. in both estates. The court subsequently appointed Mr. Thomas H. Ware to serve as successor administrator of these estates.

[2] Prior to the trial court's order denying Mr. Hunt's motion to alter or amend the trial court's previous order, Mr. Nevin filed a motion to require Mr. Hunt to turn over certain tax records and other financial documents. Five days later, Mr. Nevin filed a petition for contempt against Mr. Hunt, citing as cause Mr. Hunt's failure to turn over the tax records and financial documents. Mr. Hunt filed a response in which he stated that he had searched for and could not locate the requested records. A hearing on the petition for contempt was held in July of 1997 which resulted in the trial court's ordering Mr. Hunt to cooperate with Mr. Nevin in the preparation of the 1996 income tax returns for both estates. Mr. Hunt filed a motion to stay proceedings with the trial court. The trial court ruled that the petition for contempt would be stayed, pending appeal.

if that Trust Agreement is revoked after the date of this instrument and before my death, the Trustee shall hold and dispose of the property herein devised as a separate trust upon the terms set forth in that Trust Agreement as it existed on and including any amendments to the date of this Will.

ARTICLE III

I direct that EDGAR JACOB DOYLE be named Executor of my estate to serve without bond; and I hereby give and grant unto my Executor full right and power to hold, manage, invest, reinvest, property, whether real, personal or mixed, tangible or intangible, wherever situated, of which I may die seized or possessed; and I further give and grant unto my Executor the right to otherwise dispose of the assets of my estate at public or private sale upon such terms or conditions she [sic] may see fit, and the further right to make, execute and deliver any and all contracts, options, deeds or other instruments carrying out the authority herein given which he may deem necessary or proper for the convenient or advantageous management and settlement of my estate; and she (sic) may make distribution in cash or in kind, without regard for any law or statute limiting the powers of the Executor.

In the event EDGAR JACOB DOYLE should predecease me or for any reason fail to qualify as Executor, or having qualified is unable to continue as such Executor, then and in either of such event, I hereby appoint WILLIAM L. HUNT, to serve as my Successor Executor, to serve without bond, and with the same powers bestowed above.

Pursuant to Mrs. Doyle's will, Mr. Hunt was appointed to serve as Administrator d.b.n. for Mrs. Doyle's estate by order of the court, dated February 16, 1993, as a result of the death of Mr. Doyle.

In October of 1996, the beneficiaries filed the following captioned petition with the probate court: "PETITION FOR REMOVAL OF TRUSTEE, FOR TERMINATION AND DISTRIBUTION OF TRUST, AND FOR INVENTORY AND ACCOUNTING ON THE ESTATE OF EDGAR J. DOYLE AND ESTATE OF LESTER HILL DOYLE." However, in this petition, the beneficiaries did not pray for the removal of Mr. Hunt as executor/trustee from the Lester Hill Doyle Trust or Estate. Regardless, an order removing Mr. Hunt as executor/trustee of both the estate of Lester Hill Doyle and Edgar J. Doyle was entered February 21, 1997, and was affirmed in an order filed on June 18, 1997.

On appeal, Mr. Hunt argues that no formal proceedings have been filed against him as trustee of the Lester Hill Doyle Trust, and therefore, the probate court did not have jurisdiction to remove him as trustee of that estate. We agree. A trial court is not bound by the title of a pleading, but rather the court is to give effect to the pleading's substance and treat it according to the relief sought therein. *See Norton v. Everhart*, 895 S.W.2d 317 (Tenn. 1995); *Fann v. City of Fairview*, 905 S.W.2d 167 (Tenn. Ct. App. 1994); 20 Tenn. Jur. *Pleading* § 9 (1997). Although the beneficiaries'

pleading was entitled "Petition for Removal of Trustee . . . on the Estate of Edgar J. Doyle and Estate of Lester Hill Doyle," said petition did not specifically pray for the removal of Mr. Hunt as executor/trustee of the Lester Hill Doyle Trust or Estate, nor did it state any ground for Mr. Hunt's removal from said trust and estate. For these reasons, we find that the trial court awarded relief not sought in the beneficiaries' petition. Accordingly, we reverse the trial court's removal of Mr. Hunt as executor/trustee of the Lester Hill Doyle Trust and Estate.

### *Estate of Edgar J. Doyle*

Edgar J. Doyle died testate on February 3, 1993. In his Last Will and Testament, probated on February 16, 1993, Mr. Doyle devised

> all of my estate, both real, personal, and pecuniary and proceeds of all my life insurance policies, of whatever nature and wherever situated, including all property over which I have a power of appointment, and including all property which passes or has passed by will or intestacy or that has come to me by way of the Lester H. Doyle Trust, or from or through the estate of Lester H. Doyle, to the Trustee of the Edgar J. Doyle Trust . . . to be administered in accordance with the provisions of that Trust.

As for the management of the trust, Mr. Doyle provided that

> [a]s long as any of my children, Lori Doyle, Barbara Doyle, Rodney Doyle, and Russell Doyle[,] are alive and for a period of twenty years after my death, my Trustee shall apply to and for the benefit of each such child, so much of the income [of] this Trust as my Trustee in his sole discretion may consider appropriate for the support, comfort, education of each such child.

Mr. Doyle provided that the trust was to terminate "[u]pon the death of all of my children or twenty (20) years after my death, whichever occurs first, [with] the principal and accumulated interest of this Trust . . . to be distributed to my children per stirpes." In his will, Mr. Doyle nominated Mr. Hunt to serve as executor/trustee, with Jane B. Forbes (Ms. Forbes) as successor executor/trustee and NationsBank as the alternative successor executor/trustee. Mr. Doyle's will did not excuse the filing of an inventory or accounting required by sections 30-2-301 and 30-2-601 of the Tennessee Code.

Mr. Hunt was required to file an inventory of the assets of Mr. Doyle's estate per section 30-2-301 of the Tennessee Code within sixty days of his appointment, or by April 16, 1993. *See* Tenn. Code Ann. § 30-2-301(a) (Supp. 2000). Additionally, Mr. Hunt was required to file an accounting within fifteen months of his qualification as executor of Mr. Doyle's estate pursuant to section 30-2-601 of the Tennessee Code, or by May 16, 1994. *See* Tenn. Code Ann. § 30-2-601(a) (Supp. 2000). Mr. Hunt did not timely prepare or file the inventory or the accounting for Mr. Doyle's estate.

Mr. Hunt was served with a citation to appear by the probate court on May 31, 1994, so that Mr. Hunt could settle the accounts of Mr. Doyle's estate. In response, Mr. Hunt filed for a continuance, asking the court for an additional six months, or until December 30, 1994, within which to file an accounting. On December 30, 1994, Mr. Hunt again asked the court for additional time to file the accounting, this time requesting an additional ninety days, or until March 30, 1995. The record demonstrates that Mr. Hunt filed his first inventory and accounting for Mr. Doyle's estate with the court on August 15, 1996, but that this filing was not given under oath as required by section 30-2-601(a)[3] of the Tennessee Code. Upon petition by the beneficiaries, the trial court entered an order on November 12, 1996, requiring Mr. Hunt to file an inventory and accounting through the then-current date. On December 20, 1996, the court entered a subsequent order requiring Mr. Hunt to comply with its November 12, 1996, order by January 10, 1997. Mr. Hunt filed the inventory in the estate of Mr. Doyle on January 27, 1997, and the accounting on January 30, 1997.

From the record, it appears that Mr. Hunt filed the required inventory and accounting only when pressured by the court. However, Mr. Hunt may have valid reasons for not making timely filings, and we conclude that Mr. Hunt should be given the opportunity to present evidence in his behalf.

### *Evidentiary Hearing*

Mr. Hunt argues that his removal as executor/trustee from both Mrs. Doyle's and Mr. Doyle's estates was improper as he did not have a hearing pursuant to section 35-1-106 (b) of the Tennessee Code.[4] Because we reverse the trial court's removal of Mr. Hunt as executor/trustee of the Lester Hill Doyle Trust and Estate, we will analyze the rest of Mr. Hunt's arguments as they pertain to the Edgar J. Doyle estate.

Regarding the removal of a trustee, section 35-1-106 of the Tennessee Code provides

---

[3]Section 30-2-601 (a) provides as follows:

> Within fifteen (15) months from the date of qualification, the personal representative shall make an accounting with the clerk of the court exercising probate jurisdiction in the county of the estate. After the first accounting and until the estate is fully administered, the personal representative shall make further accountings annually from the date of the first accounting. Such accountings shall state all receipts, disbursements and distributions of principal and income for the accounting period and the remaining assets held in the estate and shall be verified by the oath of the personal representative before the clerk or any person authorized by law to administer oaths in such cases.

Tenn. Code Ann. § 30-2-601 (a) (Supp. 2000).

[4]The beneficiaries argue, in their brief, that the record does not contain anything demonstrating that Mr. Hunt ever served as trustee of the Edgar J. Doyle trust. This argument is without merit because the beneficiaries clearly allege that Mr. Hunt served as trustee of the Edgar J. Doyle estate in their renewed motion for show cause order, and this fact was admitted by Mr. Hunt in his response.

(a)  In addition to the manner prescribed by the governing instruments, if any, a trustee may be removed by:

(1) A motion made in open court where the trustee is present in person or by counsel and such trustee offers no sufficient objection; or

(2)  A petition of any one (1) or more of the beneficiaries:

(A)  When the trustee fails or refuses to act as trustee;

(B)  When the trustee has violated or threatened to violate the trustee's trust;

(C)  When the trustee has moved from the state unless there remains a resident cotrustee;

(D)  When the trustee is insolvent and there is reason to fear loss to the trust property;

(E)  When the trustee has become insane or is mentally or physically incapacitated, in the opinion of the court, so as to be unable to carry out the duties of such trustee's office; or

(F)  For other good cause shown to the court.

(b)  The petition for removal shall state the grounds upon which the removal is sought and a copy thereof shall be served upon the trustee, if within the state, at least ten (10) days before the matter is to be heard.  If the trustee is not within the state and cannot be personally served, publication shall be made in a newspaper designated by the court for four (4) weeks, as in attachment cases against nonresidents.  The defendant may be permitted to answer and evidence may be heard orally or by deposition.

Tenn. Code Ann. § 35-1-106 (1996).

The law favors prompt administration of estates.  *See Burris v. McConnell*, 216 S.W.2d 10, 12 (Tenn.1949).  An executor has a duty to marshal and collect the assets of an estate within a reasonable time; discharge his statutory duties and distribute the estate in a timely manner; and close his administration as quickly as possible.  *See McFarlin v. McFarlin*, 785 S.W.2d 367, 370 (Tenn. Ct. App. 1990); *Love v. First Nat'l Bank*, 646 S.W.2d 163, 166 (Tenn. Ct. App. 1982); *Campbell v. Miller*, 562 S.W.2d 827, 832 (Tenn. Ct. App. 1977).  An executor is required by state law to prepare and file various returns and reports regarding the estates administered, because these filings form the basis for collecting estate taxes and are the means by which executors are held accountable. *See McFarlin*, 785 S.W.2d at 371.

As executor/trustee, Mr. Hunt occupied a fiduciary position; thus, he was responsible for dealing with the estate and its beneficiaries in the utmost good faith.  *See Mason v. Pearson*, 668 S.W.2d 656, 663 (Tenn. Ct. App. 1984); *Baker v. Baker*, 142 S.W.2d 737, 750 (Tenn. Ct. App. 1940).  As a fiduciary, Mr. Hunt was required to exercise the same degree of diligence and caution that a reasonably prudent businessman would employ in the management of his own affairs. *See In re Estate of Inman*, 588 S.W.2d 763, 767 (Tenn. Ct. App. 1979).  An executor's performance should be measured in the light of the circumstances existing at the time. *See Young v. Phillips*, 93 S.W.2d

634, 636 (Tenn. 1936). An executor's failure to competently administer an estate requires his removal. *See McFarlin*, 785 S.W.2d at 367, 372.

The beneficiaries filed a petition to remove Mr. Hunt as executor/trustee on October 29, 1996. A second petition seeking the removal of Mr. Hunt as executor/trustee was filed on December 4, 1996. Mr. Hunt filed an answer to the initial petition on December 4, 1996, and further filed a response to the second petition on December 16, 1996. The trial court conducted a hearing on this matter on December 20, 1996, and subsequently entered an order denying the petition on January 9, 1997. A renewed motion was filed by the beneficiaries on January 16, 1997, to which Mr. Hunt responded on January 27, 1997. A further hearing on the matter was held on January 31, 1997, and by order dated February 21, 1997, the trial court removed Mr. Hunt as executor/trustee of both estates. Mr. Hunt does not allege that he did not have proper notice of the initial petition filed by the beneficiaries, nor does he contend that he was not permitted to respond to said petition. Instead, Mr. Hunt is arguing on appeal that the trial court was required to have an evidentiary hearing to sustain the allegations presented in the beneficiaries' petition.

As noted above, section 35-1-106 of the Tennessee Code governs removal of trustees. A trustee may be removed by petition of beneficiaries for good cause shown as long as the petition for removal states the grounds upon which the removal is sought, and a copy of the petition is served upon the trustee ten days before the matter is to be heard. *See* Tenn. Code Ann. § 35-1-106 (1996). Section 35-1-106(b) of the Tennessee Code provides that "[t]he defendant may be permitted to answer and evidence may be heard orally or by deposition." We interpret this section to mean that evidence may be heard either orally or by deposition, not that the trial court has discretion on whether to hear evidence. Mr. Hunt may have valid reasons for not making timely filings and should be given the opportunity to present a defense to the beneficiaries' petition for his removal. We concede that it appears from the record before us, which consists of pleadings and orders of the probate court, that Mr. Hunt has been dilatory, to say the least. However, he should be given a hearing at which he may be allowed to present evidence in his own behalf. Accordingly, we reverse the trial court's removal of Mr. Hunt as executor/trustee of the estate of Edgar J. Doyle.

### *Waiver of Inventory and Accounting*

In its order removing Mr. Hunt as executor/trustee of the estates of Lester Hill Doyle and Edgar J. Doyle, the trial court made the following findings:

> William L. Hunt, in his capacity as both Trustee and Executor of the estates and trusts of Edgar J. Doyle and Lester Hill Doyle, has failed to communicate and make proper disclosures as required by law. His waiver of the requirement that he file an inventory and an accounting concerns the Court. The Court finds that these waivers constitute a breach of Mr. Hunt's fiduciary duty. He has failed to comply with the Court's previous Order in that he has not provided an itemized list of his fees and a description of his services as required by the Court. His conduct has created the appearance of impropriety to the extent that the Court finds that he should be

removed as both Executor and Trustee from both the estates and the trusts of Lester Hill Doyle and Edgar J. Doyle.

On appeal, Mr. Hunt, claiming himself to be all of the residuary distributees or legatees of the estate of Edgar J. Doyle, argues that he had a legal right to waive the inventory and interim accountings.

Regarding waivers of inventories, section 30-2-301(a) of the Tennessee Code provides that no inventory is required of a solvent estate "when excused by all of the residuary distributees or legatees, . . . unless demanded by any residuary distributee or legatee of the estate." Tenn. Code Ann. § 30-2-301(a) (Supp. 2000). Residuary, in this context, means "receiving or entitled to the residue," and residue is "[t]he surplus of a testator's estate remaining after all the debts and particular legacies have been discharged." *Black's Law Dictionary* 1177 (5th ed. 1979). A distributee is "[a]n heir; a person entitled to share in the distribution of an estate," and a legatee is "[t]he person to whom a legacy in a will is given." *Id.* at 426, 808. Mr. Hunt claims himself as all of the residuary distributees or legatees of the estate of Edgar J. Doyle. We disagree. Clearly, the children of Mr. Doyle are distributees, as the Last Will and Testament of Mr. Doyle provides for them to receive the income from the trust for twenty years, or until each child dies, whichever comes first, and then they are to receive the residue of the pour over trust per stirpes. Because this court finds that Mr. Doyle's children are residuary distributees/legatees, and because these children demanded an inventory, we find that Mr. Hunt did not have the legal right to waive the inventory requirement of section 30-2-301(a) of the Tennessee Code.

An accounting may be waived if the decedent, by and through his will, waived such requirement, or if all of the residuary distributees file a waiver of the accounting with the clerk of the court. *See* Tenn. Code Ann. § 30-2-601(a)(1)-(2) (Supp. 2000). The accounting requirement in the instant case was not waived by Mr. Doyle in his Last Will and Testament, nor was it waived by both Mr. Hunt and the beneficiaries through a filing with the court clerk. Accordingly, Mr. Hunt did not have a legal right to waive the accounting requirement.

### *Successor Executor/Trustee*

Mr. Hunt argues that the trial court erred in failing to join all parties in interest since Mr. Doyle's trust instrument provided for alternate or successor trustees who were not made a party to this action. Indeed, Mr. Doyle nominated Ms. Forbes as successor executor/trustee of his estate in the event Mr. Hunt could not perform those duties, and he nominated NationsBank as the alternate successor executor/trustee.[5]

Mr. Hunt argues that section 35-1-103(a) of the Tennessee Code limits the court's ability to appoint a successor trustee to situations where the governing document does not provide the manner

---

[5] It should be noted here that the trial court appointed a successor executor/trustee not provided for in Mr. Doyle's will.

of replacement.[6] Section 35-1-103(a) of the Tennessee Code provides that "[t]he court may appoint one (1) or more trustees or successor trustees if the trustee(s) resigns, is removed or fails or refuses to serve or otherwise a vacancy exists and the governing instrument does not provide the manner of replacement." Tenn. Code Ann. § 35-1-103(a) (1996). Indeed, in the instant case, Mr. Doyle's Last Will and Testament provided that Ms. Forbes should succeed Mr. Hunt, or, alternatively, that NationsBank should succeed Mr. Hunt in his capacity as trustee. In declining to appoint either Ms. Forbes or NationsBank as successor trustee, the trial court stated:

> Now, [counsel for Mr. Hunt] does very properly raise the issue of should the Court have appointed the alternate fiduciaries named in the instruments. And that's a legitimate issue to be concerned. And the Court did consider that. I do acknowledge, or at least my recollection is that I did not on the record make a specific statement, but I was aware that Ms. Forbes was an alternate nominee, but as a Judge, I receive, literally weekly, notices when attorneys are on suspension or disbarred, or what have you. And I had personal knowledge that Ms. Forbes not only had some problems, but had been disbarred. And it was on that basis that I felt that that new circumstance was a very justifiable reason not to appoint her. Not that I personally have any concern with Ms. Forbes, but that I have a fiduciary duty to make appointments that appear above reproach, and I think a beneficiary would have had a legitimate beef with the Court had I made that appointment. Then we come to the bank that's nominated is an excellent bank and does excellent work as a Trustee. But in this situation we have what is clearly developing into a rather bitter contest between the beneficiaries and what is now the former fiduciary.
>
> Banks do a superb job as Trustees, but I know from personal knowledge and experience as a practicing attorney and while on the bench, that banks don't want to get in the middle of a dog fight. Also, I know that if I were to appoint the bank, the bank would have charged, in addition to their standard fee because of the demands that this case will require. So their own fees would have been in addition, or they would requested [sic] fees in addition to their standard fees.
>
> Furthermore, a bank is not permitted to practice law and therefore, they would have to hire lawyers to serve as attorney for the new Trustee, the bank. That would have further compounded the fees and expense. And for that reason I deferred and chose not to appoint the bank.

We note that a settlor has the right to appoint whomever he wishes to serve as trustee as long as the nominee meets the qualifications required of a trustee. Additionally, we note that a nominee does not have to be an attorney in order to serve as trustee. Thus, we conclude that the successors named in Mr. Doyle's last will and testament should have an opportunity to be heard prior to being superceded. On remand, Ms. Forbes and NationsBank should be given notice of this action and

---

[6]Mr. Hunt does not take issue with the court's appointment of Mr. Nevin as successor executor.

-10-

given the opportunity to express their willingness to serve or not serve.  If either of them desire to serve, the trial court may then decide their qualifications.

For the foregoing reasons, we reverse the trial court's removal of Mr. Hunt as executor/trustee of the Edgar J. Doyle Estate and the Lester Hill Doyle Trust and Estate.  We remand this case to the trial court for a hearing on this matter in accordance with this opinion.  The costs of this appeal are taxed to the Appellee, the Estate of Lester Hill Doyle and the Estate of Edgar J. Doyle, and its surety, for which execution may issue if necessary.

_____
DAVID R. FARMER, JUDGE