IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
January 20, 2010 Session

IN THE MATTER OF: THE ESTATE OF ANNA SUE DUNLAP,
DECEASED, RICHARD GOSSUM, ADMINISTRATOR CTA

Direct Appeal from the Chancery Court for Gibson County
No. 16727P      George R. Ellis, Chancellor

No. W2009-00794-COA-R3-CV - Filed February 26, 2010

This dispute involves the administration of a decedent's estate. The chancery court removed the decedent's children as co-administrators of her estate because they were unable to peaceably complete their duties. The court appointed a successor administrator whose job was made difficult by continued infighting between the interested parties. Nevertheless, the successor administrator proceeded with his duties and proposed a final accounting five years after the estate was opened. The appellants responded to the proposed accounting with an objection and a motion for continuance. The chancery court denied the motion for continuance and approved the final accounting. The court later denied the appellants' motion to alter or amend or for new trial and closed the estate. We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed;
and Remanded**

DAVID R. FARMER, J., delivered the opinion of the Court, in which ALAN E. HIGHERS, P.J., W.S. and J. STEVEN STAFFORD, J., joined.

James S. Haywood, Jr., Brownsville, Tennessee, for the appellants, Warner B. Dunlap, Jr. and Dr. Mary Fowler Dunlap Wells.

Richard Gossum, Trenton, Tennessee, for the appellee, The Estate of Anna Sue Dunlap, Deceased, Richard Gossum, Administrator.

**OPINION**

This appeal concerns the administration of the estate of Anna Sue Dunlap, deceased. The chancery court appointed Richard Gossum administrator of the decedent's estate after the appellants' father, Warner Dunlap, Sr., and uncle, Kimbrough Dunlap, Jr., were removed

as co-administrators.[1]  The successor administrator thereafter prepared an accounting with information the co-administrators supplied.  The purpose of this accounting was to settle the accounts of the co-administrators and to provide a starting point for the successor administrator's future accounting.  This transitional accounting, which the co-administrators signed, documented certain items of personal property and provided as follows:

> Note: The former Co-Executors dispute between themselves the existence or the estate's ownership of certain property, including guns, gold coins, horses, pianos and a car.

> The former Co-Executors will present proof of the existence of or ownership of any disputed items of personal property belonging to the estate at the date and time set by the court for the hearing of their accounting.

The record contains no indication that the co-administrators provided proof of any of the disputed items of property at this hearing.  The statement of the evidence instead suggests that the co-administrators neglected this opportunity to provide the successor administrator with information concerning the alleged assets.[2]  After hearing, the chancery court approved the accounting and discharged the co-administrators.

In October 2008, the successor administrator served the appellants, Warner Dunlap, Jr. and Dr. Mary Dunlap Wells, with a proposed final accounting.[3]  The appellants later objected to the accounting and moved for a continuance.  In their objection, the appellants maintained that the successor administrator had not accounted for alleged monies and accounts formerly belonging to the decedent.  These alleged assets included gold coins, a codicil to the decedent's will, and a chose in action against Kimbrough Dunlap, Jr.  In December 2008, the court denied the appellants' motion for continuance and approved the accounting.  The court similarly denied a subsequent motion to alter or amend and ordered the estate closed.  This appeal ensued.

---

[1]The court appointed a neutral administrator after each brother filed a motion for removal citing the other's alleged indiscretions and refusal to cooperate.  The record reflects that the brothers had been involved in a great deal of litigation in the past and reveals that the two brothers' counterproductive behavior continued even after their removal as co-administrators.

[2]The appellants did not file transcripts from the hearings conducted in the chancery court but included in the record a statement of the evidence detailing the proceedings.

[3]The appellants became beneficiaries of the decedent's will after Warner Dunlap, Sr. disclaimed his interest in the decedent's estate.

The dispositive issues in this case, as we perceive them, are whether the chancellor abused his discretion when he denied the appellants' motion for continuance and whether the court erred when it concluded that the successor administrator properly accounted for the assets of the estate. In reviewing the chancellor's decision, we will accord a presumption of correctness to the factual findings of the court. Tenn. R. App. P. 13(d); *Union Carbide Corp. v. Huddleston*, 854 S.W.2d 87, 91 (Tenn. 1993) (citation omitted). Where the chancellor has not made findings of fact, our review is *de novo* with no presumption of correctness. *Archer v. Archer*, 907 S.W.2d 412, 416 (Tenn. Ct. App. 1995) (citations omitted).

The appellants first argue that the chancellor erred when he denied a motion for continuance that would have given the parties an additional opportunity to settle the case. Trial courts have ample discretion to grant or deny a motion for continuance. *In re C.T.S.*, 156 S.W.3d 18, 23 (Tenn. Ct. App. 2004) (citing *Coakley v. Daniels*, 840 S.W.2d 367, 370 (Tenn. Ct. App. 1992)). "Accordingly, the appellate courts should not second guess a trial court's decision on a motion for a continuance unless the record, reviewed as a whole, shows a clear abuse of discretion or that a clear prejudicial error has been committed." *Nagarajan v. Terry*, 151 S.W.3d 166, 172 (Tenn. Ct. App. 2003) (citations omitted). The question of whether to grant a motion for continuance is a fact-specific inquiry. *Id.* Pertinent to a court's decision are the following factors: "(1) the length of time the proceeding has been pending, (2) the reason for the continuance, (3) the diligence of the party seeking the continuance, and (4) the prejudice to the requesting party if the continuance is not granted." *Id.* (footnotes omitted). The most important factor to consider is the length of time the proceeding has been pending. *See Coakley*, 840 S.W.2d at 370 (citation omitted).

Our review of the relevant factors shows that the chancery court did not abuse its discretion in denying the appellants' motion for continuance, especially when considering that the law favors prompt administration of estates. *See Estate of Doyle v. Hunt*, 60 S.W.3d 838, 844 (Tenn. Ct. App. 2001) (citation omitted). The court determined that the decedent's estate had been open for a lengthy period – five years at the time of the final hearing – and needed to be closed. The primary reason to allow the continuance would have been to give the parties an additional opportunity to settle; there was little reason to believe the appellants would have suffered prejudice if the court denied their motion. Further, the record reflects that the appellants did not move for a continuance until the day of the hearing. We hold that the chancery court properly denied the appellants' motion. *Cf. Jessee v. Am. Gen. Life and Acc. Ins. Co.*, No. E2002-00182-COA-R3-CV, 2003 WL 165777, at *5 (Tenn. Ct. App. Jan. 24, 2003) (holding that the trial court did not abuse its discretion where the case had been pending for three years). The court's ruling on this issue is affirmed.

The remaining arguments concern whether the court erred when it approved the successor administrator's final accounting without ordering further investigation into

disputed assets, holding that the successor administrator "accounted for all assets which came, or should have come, into his hands . . . ." The appellants are correct that the successor administrator had a duty to pursue assets belonging to the estate. "The [a]dministrator, as the personal representative of the decedent's estate, has an affirmative fiduciary duty to marshal and collect the assets of the estate, to enforce choses in action which existed in favor of the decedent, and to distribute the estate to the beneficiaries in a timely manner." *In re Estate of Hendrickson*, No. M2008-01332-COA-R9-CV, 2009 WL 499495, at *5 (Tenn. Ct. App. Feb. 25, 2009) (*no perm. app. filed*) (citing *Estate of Doyle v. Hunt*, 60 S.W.3d 838, 844 (Tenn. Ct. App. 2001); *Campbell v. Miller*, 562 S.W.2d 827, 832 (Tenn. Ct. App. 1977)). This duty is "indispensable to any correct administration of the estate." 2 Jack W. Robinson, Sr. et al., *Pritchard on Wills and Administration of Estates* § 709 (6th ed. 2007) (footnote omitted).

The appellants contend that the successor administrator should have pursued an alleged chose in action against Kimbrough Dunlap, Jr. concerning a business interest that passed to him following the death of his father, Kimbrough Dunlap, Sr. The appellants argue that Kimbrough Dunlap, Jr. failed to adhere to conditions set forth in the will of Kimbrough Dunlap, Sr. and that the business interest, as a result, should have vested in the decedent. It is the position of the appellants that the successor administrator did not fully investigate the claim, which could have potentially enlarged the asset pool available for distribution. The appellants also argue that the successor administrator did not account for certain items of personal property alleged to belong to the estate.[4] In sum, the appellants argue that the accounting is incomplete because it does not include all of the estate's assets. But the question of whether the successor administrator properly accounted for the assets of the estate is ultimately a factual question.

The appellants have failed to demonstrate that the chancery court erred when it

---

[4]The appellants cite Tennessee Code Annotated section 30-2-608 to demonstrate that the successor administrator had a duty to return a complete inventory of the assets of the estate, but there is no indication this argument was raised before the chancery court. Rather, the appellants filed what is more properly considered an exception to the final accounting, *e.g. In re Estate of Boykin*, 295 S.W.3d 632, 634 (Tenn. Ct. App. 2008), *perm. to app. denied*, and the chancery court treated it as such. It seems fairly clear that the appellants did not challenge the completeness of the inventory filed by the successor administrator because he filed no such inventory. A proper challenge to the successor administrator's inventory or lack thereof presumably would have been based on Tennessee Code Annotated section 30-1-113, which requires a successor administrator to "[w]ithin one (1) month from the time of appointment . . . make and duly file a true and perfect inventory of the estate" as it comes into his hands. Tenn. Code Ann. § 30-1-113(b) (2007). The appellants, however, did not raise this issue before the chancery court or on appeal. We will not consider it here. We also note that this appeal concerns an objection to the final accounting and not an action filed against the successor administrator.

determined that the successor administrator properly accounted for the assets of the estate. The appellants' arguments are wholly without citations to evidence in the record. Importantly, there is no citation to evidence in the record demonstrating that additional assets belonging to the estate actually existed.[5] Nor do the appellants cite evidence in the record to demonstrate that the successor administrator did not adequately investigate the alleged chose of action. Further, the appellants' brief is without legal argument supported by authority to demonstrate that a chose in action against Kimbrough Dunlap, Jr. existed prior to or survived the death of the decedent, that the successor administrator's conduct breached the applicable duty to pursue the alleged action, or that the successor administrator could timely file a claim to pursue the alleged action. The only suggestions that such assets existed or should have been pursued are found in the appellants' unsworn filings and in the statements of counsel, which are not evidence. *See Oakes v. Oakes*, 235 S.W.3d 152, 158 (Tenn. Ct. App. 2007) (citation omitted) (holding that statements of counsel are not evidence); *Outpatient Diagnostic Center v. Christian*, No. 01A01-9510-CV-00467, 1997 WL 210842, at *2 (Tenn. Ct. App. Apr. 30, 1997) (noting that factual assertions in unverified pleadings, briefs, and arguments of counsel are not evidence).

In their brief, the appellants contend that "sufficient evidence" existed to require the successor administrator to explore the alleged assets before the court approved a final accounting. The appellants presented no such evidence in the chancery court and have cited none on appeal. The final accounting, which is a sworn document, states that it is a "full, true and just statement of each and every of the assets of said estate . . . ." The appellants have pointed to nothing in the record that tends to rebut this sworn statement or the chancery court's corresponding conclusion. Given the absence of evidence to support the appellants' contentions, we are unable to find that the court erred when it concluded that the successor administrator properly accounted for the assets of the estate. Likewise, we decline to hold that the court abused its discretion in denying the appellant's motion to alter or amend. *See Stovall v. Clarke*, 113 S.W.3d 715, 721 (Tenn. 2003) (explaining that appellate courts review a decision on a motion to alter or amend under an abuse of discretion standard).

The absence of citations to evidence in the record to support the appellants' argument is not surprising considering that no evidence, except for the sworn accounting, was considered at either the hearing on the final accounting or the hearing on the appellants' motion to alter or amend. As a final matter, the appellants ask this Court to remand for

---

[5]The statement of the evidence shows that a stack of auction tickets and a child's cowboy suit were made known to the court at the hearing on the motion to alter or amend, but there is no indication that the appellants actually offered these items as proof or presented testimony to demonstrate the relevancy of these items. The statement of the evidence expressly states that no formal offer of proof was made and these items were not included in the record for our review.

additional proceedings because the chancery court ruled at both hearings without the presentation of evidence. The statement of the evidence, however, does not reflect that the appellants attempted to present evidence at either hearing. Rather, the statement of the evidence is capable of two interpretations: (1) the court reached its decision in both instances without hearing proof because the appellants offered no evidence to support their objection to the sworn accounting, or (2) the court reached its decision in both instances after refusing the appellants an opportunity to present proof. The burden is on the appellants to show that the latter occurred.

The appellants have failed to demonstrate that remand is appropriate. Their argument is premised on the validity of the assertion that the court refused them an opportunity to present proof. The appellants have neither argued nor cited any legal support for the position that a party is entitled to remand to present proof it neglected to offer in the original proceedings. The appellants, however, are unable to demonstrate that the court refused them an opportunity to present evidence. The statement of the evidence does not specify that the court refused to accept proof at either the hearing on the final accounting or the hearing on the appellants' post-trial motion; it communicates only that the court reached its decisions without taking or hearing proof. The record does not state or show that the chancellor denied the appellants an opportunity to present proof at either hearing. Nor is there anything in the record to show that the appellants at any time objected to the procedure the chancellor employed. The appellants simply have not demonstrated that the court refused them an opportunity to make their case. While it is conceivable that transcripts of the proceedings could have shown otherwise, we are unable to conclude that the appellants are entitled to a remand on the record before us.

## *Conclusion*

For the foregoing reasons, we affirm the judgment of the chancery court. Costs of this appeal are taxed to the appellants, Warner Dunlap, Jr. and Dr. Mary Dunlap Wells, and their surety for which execution may issue if necessary.

_____
DAVID R. FARMER, JUDGE