IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
October 4, 2010 Session

# JENNIFER (PITTS) BRADFORD, v. DAVID WILSON PITTS

**Appeal from the Chancery Court for Cumberland County**
**No. 8973-8-03     Hon. Ronald Thurman, Chancellor**

---

## No. E2009-02206-COA-R3-CV - FILED NOVEMBER 5, 2010

---

The father was paying child support, became disabled and filed a Petition to suspend child support payments until his disability insurance began paying. By the time of the hearing on his Petition, his disability insurance began paying a monthly amount. The Trial Judge ultimately refused to lower the child support payments, finding that the father established no variance between his income before and after his disability. The father tendered his income tax return for the year when the child support obligation was set, but the Trial Court refused to consider this evidence. On appeal, we vacate and remand.

**Tenn. R. App. P.3 Appeal as of Right; Judgment of the Chancery Court Vacated and Remanded.**

HERSCHEL PICKENS FRANKS, P.J., delivered the opinion of the Court, in which CHARLES D. SUSANO, JR., J., and D. MICHAEL SWINEY, J., joined.

Eric J. Morrison and Douglas L. Rose, Knoxville, Tennessee, for the appellant, David Wilson Pitts.

Connie Reguli, Brentwood, Tennessee, for the appellee, Jennifer (Pitts) Bradford.

**OPINION**

In this post-divorce action involving plaintiff, Jennifer Pitts Bradford ("mother"), and

defendant, David Wilson Pitts, ("father"), the record reveals that the parties engaged a mediator to facilitate the settlement of their divorce action. The Final Decree in the divorce incorporated their Marital Dissolution Agreement and PPP. The divorce Decree was finalized in August of 2004, and provides that the parties have four minor children and the mother was given primary custody, with the father having alternate weekend visitation. The father was ordered to pay support of $4,600.00 per month in accordance with the child support guidelines.

In August of 2007, the father filed a Petition to Suspend or Terminate Child Support, and gave as the reason that he had a medical condition that had affected his ability to continue his work as a physician, and that he needed to have his child support payments terminated until he could return to work or until he could collect from his disability insurance policy. In response, the mother demanded strict proof of these allegations.

In response to a Request for Production of Documents, the father filed his 2004 income tax return showing that he earned a gross income of $226,247.00 in his medical practice for that year.

At a hearing on the issues, the Trial Court found the father was totally disabled, and received $9,876.00 per month from his disability insurance policy. The Court found that the wife earned $14,000.00 per year or $1,167.00 per month. The Court ordered the father's child support stayed from the time of the filing of his Petition to December 2007, during which time he had no income. The Court held that, beginning in December 2007, the father's child support obligation should be modified downward to $1,596.00 based on his disability income of $9,876.00, which started in December 2007, based on the income shares worksheet.

The mother, acting *pro se*, filed a Motion to Alter or Amend and for Costs, seeking arrearages, fees, etc. The Court entered another Order, stating that a hearing would be held on the mother's Motion. The mother then filed a Supplement to her Motion, asserting that the Court could not modify child support when the father had not asked for a modification in his Petition, and that the father had not shown a significant variance in his income. She stated that the $4,600.00 child support amount was based on the father earning a net income of $10,000.00, based on the flat percentage of 46% for four children, which was the guideline amount of support at that time, and that this did not demonstrate the requisite 15% variance in support modification.

At the later hearing, the Court entered an Order, and held that it could modify the father's child support because the Court's equitable powers allowed it to award a less drastic remedy, i.e. modification rather than termination of the support. The Court held that the

father's 2004 tax return was entered as evidence at the August 2009 hearing, and the Court found that at the time of the parties' divorce, father was earning more than $10,000.00 per month in net income. The Court found that there was nothing in the record, however, to show how the parties arrived at the $4,600.00 in child support or what they agreed to, and that it would appear that the $4,600.00 number was based on father earning a net income of $10,000.00 per month. The Court recognized that, at the time, $10,000.00 per month in net income was the "end" of the child support guideline amount, but that it could not "look behind" the 2004 decree to find anything other than the father's net income being $10,000.00. The Court stated that if it could "look behind" the 2004 decree, it would find a significant variance, but could not do so, and found that there was not the requisite 15% variance to support a modification between $10,000.00 and $9,876.00. The Court then reinstated father's child support to the original amount of $4,600.00 per month. The father has appealed and these issues are raised.

1. Whether the Trial Court erred in failing to consider the father's actual income as evidenced by his tax return?

2. Whether the Trial Court erred in finding that father had an income of $10,000.00 per month in 2004 based solely on the parties' mediated agreement which provided that he would pay $4,600.00 per month in child support?

3. Whether the Trial Court failed to consider the father's period of unemployment from August 2007 to December 2007 as a significant variance in his income under the guidelines?

4. Does the lack of a statement of evidence from the October 27, 2008 hearing limit this Court's ability to amend the findings of fact in that order?

5. Could the Trial Court modify the father's child support when his Petition prayed for suspension or termination?

6. Should the mother be awarded her attorney's fees?

The Trial Court found that, based on the flat percentage guidelines which were in effect at the time of the parties' divorce, the father's child support obligation of $4,600.00 per month was based on the father having a net income of $10,000.00, and held it could not "look behind" the record in the original divorce case. The father insists that this was error, and that the Court should have considered the tax returns as the best evidence of the father's income at the time.

At the time of the parties' divorce, the guidelines provided that "[i]f the net income of the obligor . . . exceeds Ten Thousand Dollars ($10,000.00) per month, then the custodial parent must prove by a preponderance of the evidence that child support in excess of the amount, [calculated by multiplying the appropriate percentage . . . by a net income of ten thousand dollars ($10,000.00) per month], is reasonably necessary to provide for the needs of the minor child or children for whom support is being determined in the case specifically under consideration." Tenn. Comp. R. & Reg. 1240-2-4-.04(3)(c) (Dec. 2003). Accordingly, the amount of child support agreed upon at the time of the divorce did not establish that the father's net income was no more than $10,000.00 per month. Since the record does not establish his actual net income at the time of the divorce, the only way to determine what the father's net income was, would be to admit evidence on his actual income at the time of the divorce.

We were confronted with a similar dilemma in *Hill v. Hill*, 2007 WL 4404097 (Tenn. Ct. App. Dec. 17, 2007), wherein the parties were divorced in 2004 and agreed that the father would pay a certain amount of child support in accordance with the guidelines that were in effect at that time. The father later petitioned for a modification (after the income shares formula took effect), and had to thus show a significant variance of 15% in his income. *Id.* The Trial Court record did not, however, state what the father's income was at the time of the divorce nor show how the child support amount was calculated. At the hearing on the father's petition, he submitted his tax returns, which the Trial Court considered to determine his income level at the time of the divorce vis a vis at the time of the hearing. *Id.* The Trial Court found there was not the requisite variance between his income at the time of the divorce and at the time he sought modification, and denied his petition. *Id.*

The father appealed, arguing that the Trial Court should not have used his tax returns as proof of his income at the time of the divorce, but rather should have used the child support amount set in the PPP and applied the flat percentage in the guidelines to extrapolate the amount of his net income. *Id.* This Court disagreed, however, finding the father's tax returns were the best evidence of his income for the applicable time period. *Id.*

Here, the father's tax returns is the best evidence of the father's actual income at the time of the parties' divorce. While it is true that the calculation required in *Hill* would have been much more involved, this does not change the fact that we have recognized that the obligor's tax returns are the best evidence of his earnings at the relevant time period, and that it is proper to look at the returns to determine the obligor's actual income. The Trial Court erred in failing to consider this evidence.

Accordingly, we vacate the Trial Court's Judgment and remand for a hearing to determine the father's actual income at the time of the divorce in 2004 and determine whether

there is a necessary variance in the father's income to modify the child support obligation.

The mother argues that the lack of a Statement of Evidence from the October 2008 hearing limits this Court's ability to amend the findings made in that Order. What is under consideration, however, is the Trial Court's decision to reinstate the father's monthly child support obligation of $4,600.00, which was made in its Order of September 25, 2009, and timely appealed. This issue is moot.

The mother also argues that the Trial Court had no authority to modify the father's child support obligation since his petition merely asked for child support to be suspended or terminated. The Court held, however, that it could modify the father's support obligation based on its equitable powers to award a less drastic remedy than that which was sought, i.e. termination. We have previously recognized that trial courts have the ability to treat any pleading according to the type of relief sought, regardless of its title. *Estate of Doyle v. Hunt,* 60 S.W.3d 838 (Tenn. Ct. App. 2001). The father sought relief from his child support obligation based on his diminished income in his petition, without regard to its title. The mother's reliance on *Everett v. Morgan*, 2009 WL 113262 (Tenn. Ct. App. Jan. 16, 2009), is misplaced, since the court in *Everett sua sponte* modified the father's child support amount at a hearing regarding the amount of arrearage he owed, when no modification had been sought. In this case, the father sought to suspend or terminate his child support, arguing that his income had reduced significantly, and thus a modification was obviously a contemplated and less drastic remedy. This issue is also without merit.

Finally, the mother argues that she should be awarded her attorney's fees in this child support matter. No basis for such an award has been shown, and this issue is also without merit.

The Judgment of the Trial Court is vacated and the cause remanded, with the cost of the appeal assessed one-half to David Wilson Pitts and one-half to Jennifer (Pitts) Bradford.

_____
HERSCHEL PICKENS FRANKS, P.J.