IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
August 20, 2024 Session

## JOHN JASON MOORE v. AMANDA JEAN HEILBRUNN

**Appeal from the Juvenile Court for Lincoln County**
**No. 22-JV-89        N. Andy Myrick, Judge**
_____

## No. M2023-00327-COA-R3-JV
_____

J. STEVEN STAFFORD, P.J., W.S., concurring separately.

I concur in the Majority Opinion's conclusion that the trial court's ruling should be vacated in this case. Because I conclude that the record clearly reflects that the trial court applied an incorrect standard in this case, however, I write separately.

As an initial matter, I agree that despite the mistaken beliefs of both the parties and the trial court, Mother's post-trial motion clearly constitutes a Rule 59.04 motion to alter or amend, rather than a Rule 60.02 motion seeking relief from a final judgment. *See **Byrnes v. Byrnes***, 390 S.W.3d 269, 275 (Tenn. Ct. App. 2012).

The Majority Opinion then waives consideration of Mother's first issue on the basis that Mother did not raise a proper argument as to the denial of a Rule 59.04 motion. I certainly agree that Mother's briefing on this issue revolves around her conclusion that her motion proceeded under Rule 60.02. However, this Court has repeatedly dealt with mislabeled motions to alter or amend. As we have explained,

> Although these motions are appropriate at different points of litigation, the mislabeling of a motion is not fatal to the moving party. *See **Estate of Doyle v. Hunt***, 60 S.W.3d 838, 842 (Tenn. Ct. App. 2001) (stating "trial court[s] [are] not bound by the title of a pleading"). If a party mislabels a motion, "court[s] [are] to give effect to the pleading's substance and treat it according to the relief sought therein." ***Id.***

***Black v. Khel***, No. W2020-00228-COA-R3-CV, 2020 WL 7786951, at *4 (Tenn. Ct. App. Dec. 30, 2020). Of course, Mother's mistake here goes beyond simple mislabeling, as her designated issue and appellate argument are framed solely under Rule 60.02. But we have considered a motion to alter or amend under the proper standard even when the appellant

has continued to insist that Rule 60.02 is applicable throughout the appeal. *See id.* at *4 ("Plaintiff continues to argue that her post-judgment motion was a Rule 60.02 'motion to reconsider,' but the substance and timing of the motion show otherwise. . . . [D]espite Plaintiff labeling her motion as a Rule 60.02 motion, it should be reviewed under Rule 59.04."). Given our duty to "act diligently and responsibly to assure that appeals are resolved on the merits[,]" I believe it is appropriate to nevertheless consider Mother's argument through the lens of Rule 59.04 in this case as well. *Trezevant v. Trezevant*, No. W2023-00682-SC-R11-CV, 2024 WL 3407466, at *3 (Tenn. July 8, 2024) (published per curiam order).

And Mother is correct in her assertion that the trial court erred in its treatment of her post-trial motion. Despite the Majority Opinion's conclusion that the record is unclear whether the trial court evaluated Mother's motion "under the rules of civil procedure for relief from judgments, on a modification of an existing custody order, or on a new custody determination," the trial court clearly applied the material change in circumstances standard to Mother's motion. Specifically, the trial court's order states that Mother "failed to meet her burden of material change in circumstances for return of custody."

The material change in circumstances standard, however, is simply not applicable under these facts. The material change in circumstances doctrine derives from the fact that final custody or visitation orders are res judicata upon the facts then existing. *See generally Armbrister v. Armbrister*, 414 S.W.3d 685, 698–99 (Tenn. 2013). But res judicata does not apply to non-final orders. *See Jackson v. Smith*, 387 S.W.3d 486, 491 (Tenn. 2012) (holding that the elements of a res judicata defense include that "the underlying judgment was final and on the merits"). In this situation, we have explained as follows:

> [W]hen the parties sought modification of the non-final custody order through a motion to alter or amend, that situation did not present "a change of custody case" requiring a material change of circumstance. Simply put, the doctrine of res judicata does not apply when the judgment sought to be given res judicata effect is not final. As long as the judgment has not become final, the trial court may alter or amend it either on its own motion or at the request of one of the parties, as it may "change its mind" after reconsidering the proof and the applicable law.

*In re Samuel P.*, No. W2016-01665-COA-R3-JV, 2018 WL 1046784, at *11 (Tenn. Ct. App. Feb. 23, 2018) (internal citations and quotation marks omitted). Here, Mother filed her motion before any order placing custody with Father became final. So then, Mother was not required to show a material change in circumstances in order to prevail on her post-trial motion.

Instead, the trial court should have considered whether Mother was entitled to relief under Rule 59.04. A Rule 59.04 motion "should be granted when the controlling law

changes before the judgment becomes final; when previously unavailable evidence becomes available; or to correct a clear error of law or to prevent injustice." ***In re M.L.D.***, 182 S.W.3d 890, 895 (Tenn. Ct. App. 2005). Here, every participant in this case failed to grasp the distinction between a Rule 59.04 motion and a Rule 60.02 motion. As a result, the trial court in this case failed to consider Mother's motion under the appropriate standard. I would therefore vacate the judgment of the trial court and remand specifically for reconsideration under the proper standard.[1]

S/ J. Steven Stafford
J. STEVEN STAFFORD, JUDGE

---

[1] I do not disagree with the Majority Opinion's conclusion that trial court also failed to make appropriate findings of fact concerning the best interest factors. If and when the trial court makes a custody decision in this case, it must also comply with its duty to make appropriate findings of fact.